Nov. Term,
1861.

Dean
v.
Phillips.

Wednesday,
December 11.

---

## Dean *v.* Phillips.

*A.* had recovered a judgment for the foreclosure of a mortgage against *B.* and wife, for $986, and afterward two other judgments, amounting to $1,014, were recovered by other parties against *B.* and *C.*, as partners. Executions upon the judgment of foreclosure, as well as upon the other judgments, were placed in the hands of the sheriff, who levied the latter upon the mortgaged premises, and having duly advertised the premises, sold the same upon the decree of foreclosure to *A.*, for $2,105, who refused to pay the purchase money, a deed having been tendered. Motion, under § 476 of the code, for judgment against *A.* for the amount of his bid, and for damages thereon. Answer : that the premises sold were the separate property of *B.* and wife, and that the debts for which the other judgments were recovered were the co-partnership debts of *B.* and *C.*, and that said co-partners had sufficient partnership property in the county out of which to make said judgments; that defendant had tendered to the sheriff the costs due on the order of sale, and his, defendant's, receipt for the amount due to him as plaintiff in said decree of foreclosure, and also the receipt of *B.* for the residue.

*Held*, that the executions against *B.* and *C.* might lawfully be levied upon the property of either, and having been levied upon the premises mortgaged to *A.*, the overplus, after paying the mortgage debt, was applicable to the payment of the other executions, and hence the receipt of *B.* for such overplus was not a good tender to the sheriff.

*Held*, also, that the premises having been sold upon the foreclosure of a mortgage, in the execution of which *A.'s* wife had joined, her interest in

the land was gone, and the surplus arising from the sale belonged to *A.*, and was applicable to the payment of his debts.

*Held*, also, that the creditors of a firm may collect their debts out of the property of the one partner, notwithstanding there may be joint property out of which the debt might be made, unless that partner has separate creditors who are entitled to be first paid out of such assets.

Nov. Term, 1861.

———

DEAN
v.
PHILLIPS.

APPEAL from the *Wells* Circuit Court.

WORDEN, J.—This was a motion by *Phillips*, as sheriff of *Wells* county, against *Dean*, under the provisions of § 476 of the code, for judgment against *Dean* for the amount of a bid made by him on property sold to him on execution, and damages thereon. The facts stated in writing as the ground of the motion are as follows: *Dean* had recovered a judgment for the foreclosure of a mortgage on certain real estate, against *Robert C. Bennett* and his wife, for about $986, and costs. Afterward, *Lightfoot* and others recovered judgment against *Robert C. Bennett* and *William H. Dean* for about $224. *Bostwick* and others also recovered judgment against *Bennett* and *William H. Dean* for about $790. These judgments were recovered subsequently to the execution of the mortgage foreclosed. An execution was issued upon the judgment of foreclosure, as also upon the other judgments, and placed in the hands of *Phillips*, as sheriff, for service, who levied them upon the mortgaged premises, and, having duly advertised the same, sold them on the execution issued upon the judgment of foreclosure. The defendant, *John A. Dean*, plaintiff in the foreclosure case, bid off the premises at $2,105, but fails and refuses to pay the purchase money, a deed having been tendered, &c.

The defendant answered by general denial, and by two special paragraphs, to which demurrers were sustained, and he excepted. The general denial being withdrawn, the plaintiff had judgment.

As the appellant relies upon only one of the special paragraphs of his answer, that alone will be noticed. That paragraph is as follows:

"And for a third and further answer the defendant says, that the premises in the notice named was the separate property of *Robert C. Bennett* and his wife; that the

*Wednesday, December 11.*

Nov. Term, 1861.

DEAN
v.
PHILLIPS.

defendant is the same *John A. Dean* named in the order of sale as plaintiff, and that the debts due on the executions to *Lightfoot* and others, and to *Bostwick* and others, named in the notice, are due from said *Robert C. Bennett* and *William H. Dean* as partners, under the name of *Bennett & Dean;* that *Bennett & Dean* had sufficient partnership property out of which said partnership debts could have been paid, within the bailiwick of said plaintiff, subject to levy on said executions named; that the defendant had the said land struck off to himself at the sum of $2,105, and the defendant paid the plaintiff, in money, the fees on said order of sale, amounting to $200, and tendered the plaintiff his, defendant's, receipt, as plaintiff in said order of sale, for $1,000, part and parcel of said sum of $2,105, and tendered plaintiff said *Robert C. Bennett's* receipt for $1,000, the residue of said purchase money, and demanded a deed from the plaintiff, which the plaintiff refused, and still refuses."

Leaving out of view any questions as to the rights of the wife of *Bennett*, and as to the right of having partnership property first applied to the payment of partnership debts, there can be no doubt but that the sheriff was entitled to have the excess of the purchase money bid for the property, after satisfying the judgment on the mortgage, paid over to him, in order that he might apply it on the other executions in their order. *Steele* v. *Hanna*, 8 Blackf. 326. The defendant's receipt was good enough for the amount coming to him on his execution, but not so with the receipt of *Robert C. Bennett*. Had the overplus, after paying the judgment on the mortgage, not been liable to be applied upon the other executions, perhaps *Bennett's* receipt would have been sufficient. The executions against *Bennett & Dean* might be lawfully levied upon the property of either, and having been levied upon the premises mortgaged, the overplus, after satisfying the mortgage debt, was applicable to the payment of those executions. Hence *Bennett's* receipt was of no consequence. But the appellant insists upon two points, one of which is, that as *Bennett's* wife had an interest in the land mortgaged and sold, she was interested in the

money arising from the sale, after paying the mortgage debt,

and therefore it could not be applied to the payment of the other executions. The other point is, that the partnership property should have been first levied upon, and therefore no part of the money arising from the sale in question should have been applied to the payment of the other executions.

We do not perceive how *Bennett's* wife had any interest in the residue of the money, after paying the mortgage debt. She executed the mortgage with her husband; otherwise, had she survived him, she might have been entitled to one third of the land. But the premises having been sold upon the mortgage, to which she was a party, her right to, or contingent interest in, the land was gone. The excess of the money arising from the sale, clearly, all belonged to *Bennett,* and not to his wife; hence it might properly be applied to the payment of his debts.

In regard to the second point, it may be observed that it is settled in equity that upon the dissolution of a partnership by the death or bankruptcy of one of its members, the joint creditors are entitled to priority of payment out of the joint effects, and the separate creditors of each partner out of the separate effects of the partner. *Matlock* v. *Matlock,* 5 Ind. 403; *Holland* v. *Fuller,* 13 Ind. 195; 1 Story's Eq. Jur., § 675.

It may be doubtful, however, whether this principle is at all applicable in cases where the partnership still exists, (as it does, for aught that appears, in the present case,) and is not dissolved by death or bankruptcy. *Vide* Story on Part., § 361. But however this may be, it is clear that the principle has no application to the case at bar.

The creditors of a firm may collect their debts out of the property of one of its members, unless that member has separate creditors who are entitled to be first paid out of his separate effects. If there be no such separate creditors, no one's equitable rights are interfered with by the levy on such separate effects. So far as the partner himself is concerned, his separate property is equally liable with the joint property, both in law and equity, for the payment of the joint debts. Partnership debts are regarded in equity as joint and several.

Nov. Term, 1861.

The rule above stated was not established for the benefit of the partners, but for the benefit of their creditors. Now, in the case at bar, no creditors of *Bennett* are asserting their right to be first paid out of his separate property. Indeed, it does not appear that he has any separate creditors. The paragraph of the answer does not even allege that the defendant was the creditor of *Bennett*, and that he made the arrangement and procured *Bennett's* receipt in order to secure his debt.

We perceive no error in sustaining the demurrer.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*M. Jenkinson*, for the appellant.