### DUNLAP *v*. McNEIL.

PARTNERSHIP.—*Contract*.—A. and B. were partners. They dissolved partnership, and B. executed an agreement to A. that he would pay all the debts against the firm, and C. signed the agreement as surety for B.

*Held*, that the creditors of the firm were entitled to the benefit of the agreement, and that a creditor might maintain an action against B. and his surety for the amount of his debt.

APPEAL from the Fountain Common Pleas.

DOWNEY, C. J.—Dunlap brought an action in the court below against Scott McNeil, John R. McNeil, and Newton W. Davidson, alleging in his complaint that Scott McNeil and Davidson were partners; that they dissolved partnership; and that as a part of the consideration for so doing, the remaining partner, Scott McNeil, with John R. McNeil as his surety, executed the following agreement to Davidson, viz.:

"HARVEYSBURGH, Ind., Sept. 15th, 1868.

"I do hereby agree to N. W. Davidson to pay all debts against the firm of Davidson & McNeil.

SCOTT McNEIL.

Security,          JOHN R. McNEIL."

It is further alleged that the firm of Davidson and Mc-Neil, were, at the date of said agreement, indebted to John Dunlap, the plaintiff, in the sum of three hundred and twelve dollars.

The separate demurrer of John R. McNeil was sustained to the complaint, which presents the only question in this court. The brief of the appellee contains two propositions, viz.:

"1st. The contract of the appellee is one of guaranty.

"2d. A guarantor is only liable after the principal is exhausted."

We do not think that the contract is one of guaranty on the part of John R. McNeil, but of suretyship. See *McMillan* v. *The Bull's Head Bank*, 32 Ind. 11. Dunlap had the right to sue on the contract. It has been decided by

this court in *Davis* v. *Calloway*, 30 Ind. 112, that "a person for whose benefit a contract is made may maintain an action thereon." In *Devol* v. *McIntosh*, 23 Ind. 529, a case very much like this, it is held that the creditors of a firm are entitled to the benefit of a covenant from the remaining partner and his surety, to the retiring partner, to pay the debts of the firm.

We hold that there is no reason why John R. McNeil is not liable and should not have been a defendant, as well as his principal.

The judgment is reversed, with costs, and the cause remanded to the court below with directions to overrule the demurrer, and for further proceedings.

*J. M. Rabb,* for appellant.

*T. F. Davidson,* for appellee.