*J. S. Hester*, for appellant.

*J. N. Kerr*, for appellee.

------

## HARDY and Others *v.* OVERMAN.

MORTGAGE.—*Surviving Partner.—Assets.*—An answer to a suit on a promissory note and to foreclose a mortgage securing the same, executed by the ancestor of the defendants, that although executed by him, it was for the debt of a firm of which he was a member, and that there were firm assets to apply on the claim, and asking that the plaintiff be required to first exhaust such assets, was held insufficient on demurrer.

APPEAL from the Cass Common Pleas.

DOWNEY, J.—This was a suit by the appellee against the appellants, who are the heirs and administrators of David S. Chesnut, deceased, to foreclose a mortgage executed to him by the decedent. A copy of the note and mortgage was

filed with the complaint. The defendants demurred to the complaint, because it did not, as they alleged, contain facts sufficient to constitute a cause of action. This demurrer was overruled, and an exception taken.

Some of the heirs answered, setting up that the mortgage debt, though the note and mortgage were executed by David S. Chesnut, deceased, alone, was a partnership debt of a firm composed of the deceased and John S. Chesnut, a son of the deceased, who was one of the defendants; that there were partnership assets of the late firm, in the hands of the surviving partner, sufficient to pay the debt; and insisting that the plaintiff should first resort to the partnership assets, and only be allowed to go upon the mortgaged premises in the event that the debt could not be made out of such partnership assets. They also filed a cross complaint setting up the same facts and asking the same relief. Separate demurrers were filed to the answer and cross complaint, and sustained by the court, and exception taken. Thereupon, final judgment was rendered for the plaintiff.

The first alleged error is the overruling of the demurrer to the complaint. No objection to it is pointed out or insisted upon in the brief of appellants' counsel, and we are unable to find any defect in it.

The other error assigned, presenting the point arising out of the sustaining of the demurrers to the answer and cross complaint, is settled by the case of *Dean* v. *Phillips,* 17 Ind. 406, against the appellants. The following language is used in that case: "The creditors of a firm may collect their debts out of the property of one of its members, unless that member has separate creditors who are entitled to be first paid out of his separate effects. If there be no such separate creditors, no one's equitable rights are interfered with by the levy on such separate effects. So far as the partner himself is concerned, his separate property is equally liable with the joint property, both in law and equity, for the payment of the joint debts. Partnership debts are regarded in equity as joint and several. The rule above stated" (that is, in a

Hardy and Others *v.* Overman.

preceding paragraph of the opinion) "was not established for the benefit of the partners, but for the benefit of the creditors." The heirs of the mortgagor in the case under consideration can stand in no other position than that occupied by their ancestor. It is very clear to us that the decedent having executed the note and mortgage in his own name, whether the proceeds or consideration of the note were for the benefit of the firm or not, the plaintiff had a right to foreclose his mortgage and make his money out of the mortgaged premises.

The judgment is affirmed, with ten per cent. damages and costs.

*D. H. Chase, D. Turpie,* and *D. P. Baldwin,* for appellants.
*D. P. Jenkins* and *A. M. Flory,* for appellee.