Filed Oct. 18, 1883.

---

No. 10,457.

## WARREN ET AL. *v.* ABLE ET AL., ADMINISTRATORS.

PROMISSORY NOTE.—*Execution.*—*Evidence.*—Proof that a note has frequently been presented to the maker, that he made one payment upon it, often promised to pay the balance and never questioned its genuineness, is, in the absence of countervailing evidence, sufficient proof of its execution.

DECEDENTS' ESTATES.—*Partnership.*—Partnership creditors can have distribution of the surplus only of the individual estate of a deceased partner after the payment of his individual debts.

From the Monroe Circuit Court.

*J. H. Louden, R. W. Miers* and *J. R. Fritts*, for appellants.

ZOLLARS, J.—On the 19th day of September, 1880, appellants filed a claim against appellees, as the administrators of the estate of John E. Farmer, deceased. The claim consists of a promissory note, dated April 6th, 1860, due six months after date, payable to L. L. Warren & Co., or order, and executed by "Farmer & Williams." A statement, in the nature of a complaint, accompanies the note, in which it is averred substantially that L. L. Warren & Co. was and is a firm, composed of appellants, and that John E. Farmer, appellees' decedent, and Vincent E. Williams, constituted the firm of Farmer & Williams, the makers of the note. The issue was closed by the filing of answers and a reply.

At the April term, 1882, the claim was referred to the master commissioner of the court for his report at the next term. At the September term, 1882, the commissioner filed his report "of the evidence and his finding thereon." The

report shows that the attorneys of the parties appeared before the commissioner during the time the evidence was being heard. The note above described, with an endorsement of a payment of $60, on the 23d day of January, 1869, was introduced in evidence. One Alexander was a witness. The substance of his testimony is as follows: Prior and subsequent to 1869, the witness had the note in his possession, called upon the decedent for payment, had frequent conversations with him about the note before and after the payment of the $60 by the decedent, which payment is endorsed upon the note. At different times the decedent promised to pay the balance due upon the note, and never, at any time, questioned the genuineness of the note. The firm of Farmer & Williams was composed of the decedent and Vincent E. Williams, and was in existence and doing business at the time the note was executed. Appellees offered no evidence in contradiction of this; indeed, no evidence at all. The other evidence establishes, without contradiction, that at the time the note was made, and at least for a year thereafter, the decedent and said Williams were engaged in business as partners, under the firm name of Farmer & Williams; that the firm was dissolved in 1861 or thereabouts, by Farmer buying out the interest of Williams in the partnership; that Farmer was solvent at the time of his death; that Williams, since 1875 or 1876, has been insolvent, and that there are no assets belonging to the firm of Farmer & Williams. The parties agree that the first effort to collect the note by suit is the present proceeding. Upon this evidence the commissioner reported that appellants ought to recover, at their costs, $177.65, etc., to be paid out of the assets of the estate of Farmer *in pari passu* with other creditors. Appellees filed exceptions to the report, which the court sustained, set aside the finding of the commissioner, found for appellees, and over a motion for a new trial rendered judgment in their favor for costs. Appellants excepted to the rulings upon the above named motions and filed their bill of exceptions. These rulings

are assigned as error. There was evidence tending to establish facts other than those above set out. We have noticed those only which are clearly established by the testimony. Upon the facts so established, appellants were entitled to a judgment, payable out of the assets of the estate of Farmer, deceased, after the payment of individual creditors, if any. This is settled by the adjudications of this court, some of which we cite, without further extending this opinion for comment. *Weyer* v. *Thornburgh*, 15 Ind. 124; *Dean* v. *Phillips*, 17 Ind. 406; *Hardy* v. *Overman*, 36 Ind. 549; *Olleman* v. *Reagan*, 28 Ind. 109; *Bond* v. *Nave*, 62 Ind. 505; *McCoy* v. *Payne*, 68 Ind. 327; *Bake* v. *Smiley*, 84 Ind. 212.

It results from what we have said that the judgment must be reversed. It is accordingly reversed, at the costs of appellees, with instructions to the court below to sustain the motion for a new trial.

Filed Oct. 18, 1883.