Warren *et al. v.* Farmer *et al.*

Filed March 17, 1885.

———————♦———————

No. 11,512.

WARREN ET AL. *v.* FARMER ET AL.

PARTNERSHIP.—*Rule as to Partnership and Individual Creditors.—Decedents' Estates.*—In this State, partnership creditors, even though there are no partnership assets, and no solvent partner, can not participate with individual creditors in the individual estate of a deceased partner.

SAME.—*Purchase of Partnership Property by One Partner who Agrees to Pay Firm Debts as part Consideration.*—Where one partner buys out the entire interest of his co-partners, the firm assets become his individual property; and a promise to pay the debts of the firm, as part consideration of the purchase, is binding on him, and the partnership creditors have a right to treat him as individually liable for their claims, by virtue of such promise, in common with original individual creditors.

SAME.—Where the partner so purchasing dies, partnership creditors may file their claims against, and participate on equal terms with individual creditors in, his estate. ZOLLARS, C. J., dissents.

From the Monroe Circuit Court.

*J. R. Fritts, J. H. Louden* and *R. W. Miers,* for appellants.
*J. B. Mulky,* for appellees.

MITCHELL, J.—In some respects the facts in this case are the same as those set out in the case of *Warren* v. *Able,* 91 Ind. 107, but the question presented for decision is different.

Upon a second trial it was made to appear that the firm of Farmer & Williams was dissolved about the year 1860. Farmer purchased the interest of Williams in the partnership property, and as part consideration for the purchase assumed the payment of the partnership debts. Among the debts was a note due to the appellants, which was filed as a claim against the estate of Farmer, who died in 1877. The case was re-

ferred to a master commissioner to take the testimony, and upon the evidence so taken the court made a general finding in favor of the claimants, that there was due them the sum of $191.63, and upon this finding there was a judgment that they should be allowed the sum above stated, "payable out of the assets of said estate."

Subsequently, at the same term of court, the judgment, on motion of the appellees, was so modified that the sum found due was ordered to be paid " out of any assets remaining after paying the individual debts of John E. Farmer, deceased." This appeal is brought to set aside this last order, and to remit the appellants to their rights as upon the first order.

That individual creditors are entitled to be paid out of the individual assets of a deceased partner's estate in preference to the claims of creditors of the firm of which he was a member, is not disputed.

The question for decision is, did the fact that Farmer purchased the interest of Williams in the partnership assets, and in consideration of such purchase assumed the payment of the partnership debts, make the partnership assets the individual assets and the debts the individual debts of Farmer, so as to take the case out of the general rule?

It does not appear from the evidence whether the assets of Farmer's estate are sufficient to pay his individual debts or not, nor whether there are any individual creditors or not, but it is shown that more than twenty years before this claim was filed in the court below, Farmer purchased Williams' interest in the firm property and assumed the payment of the debts, and that long before his death he sold what formerly was the partnership property and quit the business. So that for twenty years and more there has been no partnership property. Inferentially it appears that Williams, the surviving partner, is insolvent.

The rule that partnership creditors can not resort to the individual property of a partner for payment of a partnership debt, until the individual creditors are first satisfied, seems to

have been established as a measure of compensation for the other rule, that partnership creditors had the primary right to satisfaction of their debts out of the partnership property. It is a rule of equitable cognizance, and the reasons for it are elaborated in many cases, and among others in *Weyer* v. *Thornburgh,* 15 Ind. 124, and in *Black's Appeal,* 44 Pa. St. 503. A qualification of the rule is stated in some cases, to the effect that where there is no joint property, and no living solvent partner, the joint creditors are entitled to share the individual property, *pari passu,* with the separate creditors ; but this qualification was considered by the learned judge who delivered the opinion in *Weyer* v. *Thornburgh, supra,* and repudiated.

It may be taken as the settled law in this State, that even though there are no partnership assets and no solvent partners, partnership creditors can not participate with individual creditors in the individual estate of a deceased partner. This rule is supported by the weight of authority and the better reason. But we think the case before us is neither within the general rule nor the qualification. It is not perceived how either can be invoked in a case like this, where one partner has transferred all the partnership assets to the other, who, in consideration of such transfer, has assumed the payment of the firm debts.

By the transfer of the partnership property by one partner, in good faith, to the other, such property becomes the individual property of the remaining partner, and is at once subject to seizure by his individual creditors; and in the case before us, for all that appears, the very assets which the administrator of Farmer is administering may have been derived from the sale of the partnership property. If the partnership creditors, whose claims the decedent agreed to pay, are now postponed, it may result that the individual creditors will receive their pay from assets derived from the property originally furnished by the partnership creditors. Such a result would hardly find warrant in a doctrine of equity.

The contract of Farmer to pay the partnership liabilities, being founded on a valid consideration, made the debts his individual obligations. *Hayden* v. *Cretcher,* 75 Ind. 108. In effect, Williams, as between Farmer and himself, had paid his share of the partnership liabilities by the transfer of the partnership property, and thereafter he stood in equity merely as surety for Farmer, with all the rights of a surety, as to all creditors who knew of the arrangement. *Williams* v. *Boyd,* 75 Ind. 286.

The agreement of Farmer to pay the firm debts inured to the benefit of the creditors of Farmer & Williams, and such creditors, under the decisions of this and other courts, could have proceeded in equity at once to enforce their claims against him.

Under such circumstances, no valid reason can be suggested why a court should now interpose to defeat a clear equitable right of these claimants. That the promise made by Farmer to Williams inured to the benefit of the creditors of Farmer & Williams, has been ruled in *Devol* v. *McIntosh,* 23 Ind. 529, *Rodenbarger* v. *Bramblett,* 78 Ind. 213, *Cross* v. *Truesdale,* 28 Ind. 44, *Bird* v. *Lanius,* 7 Ind. 615, *Davis* v. *Calloway,* 30 Ind. 112, *Dunlap* v. *McNeil,* 35 Ind. 316, and many other cases.

Upon principles of equity, the debt, as we have before stated, became the individual obligation of Farmer, and the creditors of Farmer & Williams had at least the equitable right to treat Farmer as individually liable to them on his promise to Williams for their benefit. Where a promisor receives property or a fund with which to make payment, and, in consideration of the transfer to him of such property or fund, promises to pay debts owing to third persons, the American doctrine is that such promise may be enforced by those for whose benefit it was made, and this fact is regarded as controlling in producing the result that thenceforth those who were previously creditors of the firm become individual creditors as well, and entitled to share in the estate of the con-

tracting partner. *Matter of Downing,* 1 Dillon, 33; *In re Downing,* 3 Nat'l Bank. Reg. 748; *In re Long,* 9 Nat'l Bank. Reg. 227; *In re Rice,* 9 Nat'l Bank. Reg. 373.

"Partnership creditors have no lien upon partnership property; their right to priority of payment out of the firm assets, over the individual creditors, is always worked out through the liens of the partners." So, when Williams sold the assets to Farmer, the lien of the partnership creditors was gone; they had no greater rights in the partnership assets than Farmer's individual creditors. Farmer, having by his assumption made what before had been the debts of the firm his individual debts, it would result, nevertheless, that if the partnership creditors are now postponed, they might, without fault, lose their claims entirely, while the individual creditors would derive the benefit of what had been partnership assets. *Trentman* v. *Swartzell,* 85 Ind. 443; *Barkley* v. *Tapp,* 87 Ind. 25.

The equitable rule seems to be, that after the sale and assumption, both the individual and partnership debts are alike individual debts, and stand at the same level.

This question was not made when the case was here before, and the cases are not to be regarded as in conflict.

The case of *Robb* v. *Mudge,* 14 Gray, 534, which seems to hold a contrary doctrine, was put upon the ground, mainly, that the agreement of the remaining partner to pay the firm debts did not inure to the benefit of the firm creditors. Besides, this case has been disapproved by Judge BLATCHFORD in one of the cases above cited.

Under the ruling in *Olleman* v. *Reagan,* 28 Ind. 109, if Williams had paid the partnership debts, no doubt could be entertained but that he would have been entitled to prove them against his deceased partner's estate, on the ground, as is there stated, that they would then have become individual claims in his favor against his partner's estate. As we have before observed, Williams did, in effect, pay his share of the firm debts, by the transfer to Farmer of the firm property,

and under the principles determined in that and the other cases cited above, the debts then became, both as between Williams and Farmer, and their creditors, at their election, the individual debts of Farmer, and it was, therefore, error for the court to modify the judgment.

The judgment is reversed, with costs, and remanded for trial.

ZOLLARS, C. J., dissents, on the ground that the case is not such as authorizes the appellant to share equally with the individual creditors of the decedent. The individual creditors have rights that can not be overthrown by the partners.

Filed March 17, 1885.