No. 1,755.

SMALL *v.* DAVIS ET AL., EXECUTORS.

PARTNERSHIP.—*Partnership Creditor.—May Proceed in First Instance Against Deceased Partner's Estate.—Decedent's Individual Debts First Paid.*—A partnership creditor is not bound to exhaust the assets of the partnership before proceeding against the individual estate of a deceased partner. But before such creditor can participate with the individual creditors in the individual estate of the deceased partner the decedent's individual debts must be paid, then the partnership liabilities may be satisfied either in whole or in part out of the remaining assets of the estate of the deceased partner.

From the Dearborn Circuit Court.

*J. K. Thompson, H. D. McMullen* and *H. R. McMullen*, for appellant.

*G. E. Downey* and *F. M. Downey*, for appellees.

DAVIS, J.—On the 24th day of February, 1892, appellant filed his claim against the estate of Thomas Gaff, deceased, founded on three promissory notes executed to appellant on the first day of July, 1883, by John Cobb & Co., of which firm said Gaff was then a member, amounting, in the aggregate, to $5,000, and due in eight years.

The appellees filed an answer in abatement, alleging therein in substance that said Thomas Gaff was a member of the firm of John Cobb & Co. when the notes in suit were executed, and that he died April 25, 1884; that on said day the partnership dissolved by reason of the death of Gaff; that large assets of said partnership at his death passed into the hands of the surviving partners; that no administration has been had on the resultant surviving partnership and that appellant has made no effort to collect from the resultant surviving partnership his claim.

The court overruled a demurrer to this answer and this ruling presents the first question for our consideration.

The question is whether appellant was required to first exhaust the assets of the partnership of John Cobb & Co. before securing an allowance of his claim against the estate of Thomas Gaff, deceased.

It may be conceded that individual creditors are entitled to be paid out of the assets of the estate of Thomas Gaff, deceased, in preference to the claims of creditors of the firm of John Cobb & Co., and also that partnership creditors are entitled to be paid out of the assets of the partnership of John Cobb & Co. in preference to the claim of the individual creditors of Thomas Gaff, deceased; but there is no allegation in the plea in abatement in this case that the firm of John Cobb & Co. is solvent or that the estate of Thomas Gaff, deceased, is insolvent. If it appeared that the estate of Thomas Gaff, deceased, was insolvent or that it was insufficient to pay both his individual and partnership liabilities it would be the duty of the court to order the payment of the partnership indebtedness out of any assets remaining after the payment of the individual debts. In the absence of any showing that the estate of Thomas Gaff, deceased, is insufficient to pay his individual debts and also the partnership liabilities of the firm of John Cobb & Co. appellant was entitled to have his claim allowed and paid out of the assets of the Gaff estate without first exhausting the assets of the partnership of John Cobb & Co. or having settlement of the partnership made by the surviving partners or receiver, as provided by statute for the settlement of partnerships. In other words, partnership creditors can not participate with individual creditors in the individual estate of the deceased partner, if the estate is not sufficient to satisfy both classes of claims, but when the

individual debts have been paid the partnership liabilities may be satisfied either in whole or in part out of any assets of the estate of the deceased partner remaining. *Warren* v. *Farmer*, 100 Ind. 593.

It is true appellant might have had a receiver appointed to settle the affairs of the partnership of John Cobb & Co. Sections 8122 to 8128, R. S. 1894, inclusive.

He was not required, however, to do this before proceeding against the estate of Thomas Gaff, deceased. Sections 2465, 2466 and 2467, R. S. 1894.

In the view we take of the case, it does not matter whether the partnership estate of John Cobb & Co. is solvent or insolvent. In either event appellant had the right to proceed against the estate of Thomas Gaff, deceased, but his recovery will be subject to the preference that exists in favor of the individual creditors.

The judgment is reversed, with instructions to sustain the demurrer to the plea in abatement.

Filed June 5, 1895.