CARPENTER ET AL. v. CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY.

[No. 2,646.   Filed October 27, 1898.]

INSURANCE.—*Action Against Railroad Company on Policy Procured for Employe.*—An action cannot be maintained against a railroad company by the beneficiaries of an accident insurance policy for the benefits accruing under such policy, where the company took out the policy in an accident company for the benefit of plaintiff's decedent, who was one of its employes, and retained from the wages of the insured the money to pay the premium, where it is not shown that defendant failed to apply the money so retained to the payment of premiums on the policy.

From the Clay Circuit Court.   *Affirmed.*

*E. S. Holliday* and *Frank A. Horner*, for appellants.

*George A. Knight* and *W. H. Lyford*, for appellee.

HENLEY, C. J.—The only error assigned by appellants in this cause is that the lower court erred in sustaining appellee's demurrer to appellants' complaint.   Appellants are the only heirs of one Emanuel Carpenter, deceased, and are the children and widow of said Emanuel Carpenter, deceased, whose estate was settled without administration.   This action was brought against the appellee and the American Casualty Insurance and Security Company.   Appellee appeared and separately demurred to the complaint, stating as cause that the complaint did not state facts sufficient to constitute a cause of action.   This demurrer was sustained by the lower court, and, appellants re-

fusing to plead further, judgment upon demurrer was rendered in favor of appellee.

The complaint is upon a written contract and is in one paragraph. It alleges the death of Emanuel Carpenter, the settlement of his estate without administration, and that appellants are his heirs and only heirs at law; it alleges that a certain contract was executed by all of the parties to this action, and makes the said contract a part of the complaint. This contract is in the following words: "This is to certify that Emanuel Carpenter, Sec. 25, Coal Bluff, is insured by the American Casualty Insurance and Security Company of Baltimore, Md., against accident resulting in bodily injury or death. By the terms of the policy the above named person, so long as he remains an employe of the Chicago & Eastern Illinois Railroad Company, will receive through the paymaster of that railroad company in case of accident, however and whenever happening between the date hereof and the first day of May, 1893, the following benefits: (1) For accidental injury not resulting in death, one-half of his usual wages during disablement if not more than fifty weeks, also doctor bills. (2) For accidental injury resulting in his death his legal representatives will receive one-half of his usual wages for one year and doctor bills and funeral expenses. The above benefits will not accrue to said person except for accidents sustained while he is in the employ of the Chicago & Eastern Illinois Railroad Company, and only between this date and the first day of May, 1893. No benefits will accrue hereunder for any accident occurring as the result of a riot or other violation of the law. This certificate is issued in accordance with the policy of insurance issued by the American Casualty Insurance and Security Company to the Chicago & Eastern Illinois Railroad Company for

the benefit of its employes. Dated at Chicago, Ill., this 1st day of July, 1892. (Signed) American Casualty Insurance and Security Co. W. E. Midgley, President. Chicago & Eastern Illinois Railroad Company. By Charles H. Rockwell, Gen'l Supt." It is further alleged that a certain policy of insurance written by appellee's codefendant was taken out by appellee for the benefit of its employes, and that the premium paid for said policy was collected from said employes by appellee retaining a stated amount out of the monthly wages of each insured employe; that appellant's decedent was one of appellee's employes, and that appellee retained out of his monthly wages the sum of $2 per month, which went into the treasury of appellee to pay for said insurance. That appellants' decedent was accidentally injured while in the employ of appellee and in the line of his said employment and that said accidental injury occurred during the term of said insurance, and that from such injury he was wholly disabled and lingered a long time, and finally died as a result thereof. That the wages, doctor bills and other moneys which said contract and policy of insurance provided should be paid on the happening of the events related in the complaint have never been paid. Judgment for $400 is demanded.

Does the complaint state facts sufficient to create a liability upon the part of the appellee? We are unable to find in the complaint any averment charging appellee with a breach of any contract declared upon or the breach of any duty owing to appellants or their decedent. It is not charged that the moneys or any part thereof which appellee deducted from decedent's wages was not applied to the payment of premiums due from him to appellee's codefendant, neither is it charged that appellee received and retained any

moneys from the said insurance company which were due appellants under the policy taken out for the benefit of Emanuel Carpenter, deceased. It seems clear to us that this action cannot be maintained against appellee. There was no contract of insurance between appellee and Emanuel Carpenter. The contract of insurance was entered into between appellee and its codefendant, and was for the benefit of said Emanuel Carpenter; he accepted its terms and paid to appellee the amounts necessary to insure him the benefits; he was the third party for whose benefit the contract was made, and, under the well settled rules of law as announced by the decisions of our Supreme Court, he or his heirs, in case of his death, could enforce the contract against the insurance company if his injury was such a one as would bring him within the provisions of the policy. *Dunlap* v. *McNeil*, 35 Ind. 316; *Devol* v. *McIntosh*, 23 Ind. 329; *Miller* v. *Billingsley*, 41 Ind. 489. We find no error in the record. Judgment affirmed.