In re MILLS.

(District Court, D. Indiana. July 13, 1899.)

No. 65.

BANKRUPTCY—PARTNERSHIP—INDIVIDUAL AND FIRM CREDITORS.

Where a partnership has been dissolved by decree of a state court, and its affairs wound up, and all its assets distributed to its creditors, and no partner remains solvent, and afterwards one of the partners is adjudged bankrupt in his individual capacity, creditors of the firm who proved their claims and received the dividend in the state court, and who do not offer to surrender the same, are not entitled to participate in the distribution of the bankrupt's estate, as to the residue of their debts, until all his individual creditors have been paid in full.

In Bankruptcy. This is a proceeding for the review of the decision of Clay C. Hunt, a referee in bankruptcy, brought by Loeb & Koch, H. & I. Loeb, the Kentucky Jeans Clothing Company, Stearns & Packard, Louis Stix & Co., S. L. Weiler, the Alto Shirt Company, Isaac Fallor Sons & Co., Hendrickson Lefler & Co., Mendel & Co., and Meyer, Wise & Kaichen, creditors of the late co-partnership of H. J. Foutty & Co., of which firm the bankrupt was a member. The referee's findings of fact and conclusion of law are as follows:

(1) The bankrupt, Elizabeth A. Mills, is indebted to claimants for goods and merchandise sold and delivered by claimants to H. J. Foutty & Co., a partnership composed at the time of said sales of H. J. Foutty and said bankrupt. (2) Said partnership was dissolved by a decree of the Fayette circuit court in the state of Indiana, being a court of competent jurisdiction both of the persons and of the subject-matter, and the affairs of said partnership were finally settled in said court. (3) There are no assets of said partnership. (4) Said H. J. Foutty, the other member of said partnership, is insolvent. (5) All the above claimants filed their claims against said partnership with the receiver of the state court, and received a dividend of 55 per cent. thereon. (6) The assets of the said bankrupt will probably be insufficient to pay her individual debts.

Conclusion of law: The claimants are not entitled to share pari passu with the individual creditors of the bankrupt, but are only entitled to participate in the general distribution of the surplus of the assets of said bankrupt's estate

after all claims filed and proved by individual creditors against the individual, estate of the bankrupt shall have been paid in full.

Cobb & Howard and Harvey, Pickens, Cox & Kahn, for creditors.

BAKER, District Judge. The above-named creditors allege error in the foregoing conclusion of law. Whether, in any case, a partnership creditor who has proved his claim against the estate of a partner who has been adjudged a bankrupt in his individual capacity, will be permitted to participate in the distribution of the individual estate of the bankrupt, pari passu with his individual creditors, it is not necessary now to determine. The general rule in this kind of cases is thus stated by Chancellor Kent:

"The joint creditors have the primary claim upon the joint fund, in the distribution of the assets of bankrupt or insolvent partners, and the partnership debts are to be settled before any division of the funds takes place. So far as the partnership property has been acquired by means of partnership debts, those debts have, in equity, a priority of claim to be discharged; and the separate creditors are only entitled, in equity, to seek payment from the surplus of the joint fund after satisfaction of the joint debts. The equity of the rule, on the other hand, equally requires that the joint creditors should only look to the surplus of the separate estates of the partners after payment of the separate debts." 3 Kent, Comm. (10th Ed.) p. 78.

There is an exception to this rule recognized in many cases, which is relied upon by the petitioning creditors. That exception is this: That where there is no joint property, and no living solvent partner, the joint creditors are entitled to share the separate property pari passu with the separate creditors. The general rule is recognized as governing in the distribution of the bankrupt's estate under the present bankruptcy act in the case of In re Wilcox, 94 Fed. 84, where it is held that, when a member of a co-partnership is adjudged a bankrupt in his individual capacity, creditors of the firm are not entitled to receive dividends out of his separate estate until his individual creditors have been paid in full; and that this rule prevails, notwithstanding the fact that there are no partnership assets. This is also the rule which has prevailed in this state for nearly 50 years. Weyer v. Thornburgh, 15 Ind. 124; Warren v. Able, 91 Ind. 107; Warren v. Farmer, 100 Ind. 593. In the case of Warren v. Farmer, supra, the supreme court of this state ruled that partnership creditors, even though there are no partnership assets and no living solvent partner, cannot participate with individual creditors in the individual estate of a deceased partner. While there are cogent reasons for the application of the general rule as recognized in this state in the distribution of a bankrupt's estate situated in this district, still the court will not now decide that there may not arise cases under which the exception above noted may apply. In the present case, however, the petitioning creditors have already received 55 per centum on their claims out of the partnership assets. They have not surrendered or offered to surrender the advantage which they have thus received. They insist on retaining this advantage, and on participating, upon the residue of their claims, equally with the individual creditors in the distribution of the individual estate of the bankrupt. To permit this to

be done under these circumstances would, in the opinion of the court, be clearly against equity and good conscience, and therefore will not be allowed. The decision of the referee will be affirmed, at the costs of the above petitioning creditors. So ordered.