## SCHNELL v. SCHNELL.

[No. 5,868.    Filed February 26, 1907.]

1. SET-OFF AND COUNTERCLAIM.—*Joinder.*—*Demurrer.*—The improper joinder of separate set-offs in one paragraph of answer is not a ground of demurrer; and if one of such set-offs is good, the demurrer should be overruled.   p. 558.

2. SAME.—*Mutuality.*—In order to constitute a valid set-off, it must have arisen out of contract, debt or duty and be owing to the defendant severally and from the plaintiff severally.   p. 560.

3. PARTNERSHIP.—*Final Settlement.*—*Omitted Property.*—*Ownership.*—Where a partnership is dissolved by the death of a partner, and its business affairs are wound up and final settlement is made, in court, partnership property omitted from such settlement belongs to such partners or their representatives, as joint tenants or tenants in common.   p. 560.

4. SET-OFF AND COUNTERCLAIM.—*Claims Due Partnership.*—*When Proper Set-Off.*—Where the widow of a deceased partner owed the firm a sum of money, and the affairs of the firm were finally settled in court, her debt being unknown to the surviving partner and receiver who settled such business, and she was the sole devisee and legatee of such deceased partner, such claim is a proper set-off by the other partner in an action by her on a note executed by him to her individually.   p. 561.

5. PARTNERSHIP.—*Surviving Partners.*—*Final Settlement.*—*Res Judicata.*—The final settlement of the business of a partnership dissolved by the death of a partner, does not discharge the widow, who was sole devisee and legatee, of the deceased partner from accounting to the other partner for his half of a debt due from her to such firm; and such sum may be collected without setting aside such partnership settlement.   p. 561.

6. SAME.—*Accounting.*—*Settlement.*—*Suits against Third Parties.*—In an action against a third party on account of matters growing out of a partnership, such third party can raise no objection on the ground that there has been no final settlement and accounting between the partners.   p. 563.

7. PLEADING.—*Set-Off and Counterclaim.*—*Demand.*—An averment in a set-off that the plaintiff refused to account for the money due sufficiently shows a demand.   p. 563.

8. SAME.—*Answer.*—*Ownership of Note.*—*Inferences.*—An answer which shows that plaintiff obtained possession of, collected and retained the proceeds of, a note executed to defendant and

his partner, but which fails to show how plaintiff obtained such possession, is· bad, since the inference against the pleader is, that plaintiff came into possession lawfully, by assignment, and that it was her property.   p. 564.

9.  PLEADING.—Set-Off.—Wills.—Charge to Pay Debts.—Written Contract.—Exhibits.—Where a devisee and legatee is sued to enforce the payment of a debt due from the testator, the will creating the charge to pay such debt is a necessary exhibit. p. 565.

10.  ·PARTNERSHIP. — Dissolution. — Settlement.—Omitted Debts Due from.—Liability.—Where the affairs of a partnership, on dissolution by the death of a member, are wound up in court, such settlement does not discharge a debt due from said firm, but the members thereof are liable the same as before such settlement.   p. 566.

11.  SAME.—Debts.—Priorities.—In case of the insolvency of a partnership or of a member thereof, equity intervenes and gives partnership debts priority in the partnership property, and individual debts priority in the property of the individual. p. 566.

12.  SAME.—Payment of Debts by Partner.—Contribution.— Where one partner is compelled to pay a partnership debt, he is entitled to contribution from the other partners.   p. 567.

13.  SAME.—Debts of.—Wills.—Charge to Pay Debts.—Liability for.—A will charging a devisee and legatee with the payment of testator's debts, when accepted, makes her personally liable for testator's share of a partnership debt.   p. 567.

From Dubois Circuit Court; E. A. Ely, Judge.

Action by Rosa M. Schnell against Peter Schnell. From a judgment for plaintiff, defendant appeals.   Reversed.

·William E. Cox, Winfield S. Hunter, Elbert M. Swan and William C. Mason, for appellant.

William A. Traylor and Bomar Traylor, for appellee.

RABB, J.—The appellee sued the appellant upon a promissory note alleged to have been executed by appellant to the appellee.   The appellant answered a set-off in four paragraphs.   Separate demurrers were sustained in the court below to each paragraph of the answer, and proper exceptions reserved.   Judgment was rendered on demurrer

in favor of the appellee for the amount due on the note in suit. The ruling of the court on the demurrer to the answer is assigned as error in this court.

Three distinct matters are relied on by the appellant as constituting his ground for a set-off. All of these matters are set up in the first and fourth paragraphs of the answer. One of them is separately stated in the second paragraph, and another is separately stated in the third paragraph. One of these grounds of set-off is very properly abandoned by the appellant in this court, and will be no further noticed. It was perhaps an improper form of pleading to join all three of the appellant's claims for set-off in one paragraph of answer, but this is not a ground of demurrer, and if the facts alleged in the first paragraph of the answer were sufficient to constitute a valid set-off in favor of the appellant as to any one of these claims, the paragraph was sufficient to withstand the demurrer. Among other things it was alleged in this paragraph of answer that the appellee was the widow of Martin Schnell, deceased, who it is alleged died September 24, 1894, and that at the time of his death, and for several years prior thereto, said Martin Schnell and the appellant were engaged as equal partners in the milling and mercantile business, under the firm name of M. Schnell & Bro.; that on September 1, 1894, said firm sold from their stock of goods a clover huller, to certain parties named, for the price of $425; that the purchasers executed their note therefor payable to said firm in one year from date, with interest, and that said note was by the makers, without the knowledge or consent of the appellant, delivered to the appellee, who kept and retained the same in her possession, and afterwards collected the money due thereon from the makers, and that she still keeps and retains said money. It is further averred that upon the death of said Martin Schnell the appellant duly qualified as surviving partner and proceeded to settle the partnership business under the

provisions of the statute regulating that subject; that he was succeeded in said trust by a receiver duly appointed by the court having the jurisdiction thereof, and that said receiver made a final settlement of said partnership affairs so far as they were known to him, paid all of its debts, and was duly discharged by the court; that the appellee concealed from the appellant and from said receiver the fact that she had received said partnership note and said money due thereon; that neither the appellant nor the receiver had any knowledge of said transaction until after the final settlement of the partnership business by the receiver, and neither said note nor the money collected thereon was in any manner accounted for in said settlement of the partnership business by the appellant and the receiver; that appellee refuses to account to appellant for his share of said money. It is also averred that said Martin Schnell died testate, and by his will bequeathed all of his property to the appellee, and by virtue thereof she is entitled to one-half the money collected on said note, and it is sought to set off against the note sued on the share of said money equitably due to the appellant. It is urged by appellee against this claim, as we understand her argument, (1) that there is no mutuality between the claim sued on and the claim set up in the answer, one being a note given by the appellant to the appellee, and the other a partnership claim due the appellant, if at all, as a member of the partnership of M. Schnell & Bro.; (2) that the appellant is bound by the final settlement made of the partnership business and the discharge of the receiver by the order of the court in that matter, and precluded thereby from asserting his claim; (3) that one partner may not maintain an action against his copartner while the partnership business remains unsettled, and that the appellant's rights could only be worked out through the intervention of a receiver appointed by the court to wind up the affairs of the firm. We will consider these contentions in the order they are stated.

(1) In order to authorize a set-off there must be a mutuality between the conflicting claims of the appellant and appellee; that is, the appellee's claim against the

2. appellant must arise out of contract, debt, or duty, and against the appellant severally. The appellant's claim against the appellee must be due him severally, against the appellee severally, and must arise out of a debt, duty or contract which he owes to the appellant. Tested by this rule, how stands the case here? The appellee received into her possession a promissory note, the property of the firm of M. Schnell & Bro. By the voluntary reception of this note she became at the election of the firm the bailee or agent of the firm. She owed a duty to the firm; that is, to deliver the note to the firm. She continued to keep the note in her possession. The firm was dissolved by the death of a member. After that event she received payment of the note. When she did so, she held the money as the bailee of the surviving partner, or receiver appointed to succeed him in the trust, and it was her duty to account to him for the money she thus received on the firm note. Now while conditions were thus the appellee owed no debt or duty to the appellant personally, and there would be no mutuality between her obligation to the surviving partner or receiver and the obligation sued on by her. But this is not all that is alleged in the answer.

The answer further shows that the appellee failed to perform the duty she owed the partnership and to its successor, the surviving partner or receiver; that she

3. permitted the partnership affairs to be settled, its debts paid, and the receiver discharged, still retaining this partnership money in her hands, wholly unaccounted for. It is well settled that where a partnership is dissolved, its debts paid, and its affairs wound up, partnership property remaining belongs to the individual members of the firm as joint tenants or tenants in common.

*Matlock* v. *Matlock* (1854), 5 Ind. 403; *Smith* v. *Evans* (1871), 37 Ind. 526; *Huston* v. *Neil* (1873), 41 Ind. 504; *Stair* v. *Richardson* (1886), 108 Ind. 429; *Needham* v. *Wright* (1895), 140 Ind. 190.

In this state of the case the money in appellee's hands clearly belonged to the appellant and the representatives of his deceased partner in equal shares, and the appellee owed to them the duty to account for the money which she thus held belonging to the surviving partner and the representatives of the deceased partner. If the representatives of the deceased partner were persons other than herself, the point that there was no mutuality in the claim sued on and that set up in the set-off would be well taken, but the averments of the answer show that the appellee herself was the sole representative of the dead partner, and on that account was entitled to all the money collected by her, except what was due the appellant, and that therefore it shows a duty owing by the appellee to the appellant to account to him for his share of the partnership moneys which she is alleged to have retained in her possession, and that this is a several duty owing by the appellee severally to the appellant severally.

(2) The second point urged against this claim of the appellant is that he was bound and concluded by the final settlement of the partnership and the discharge of the receiver by the court from asserting the claim set up by him in this paragraph of set-off, and numerous authorities are cited in support of this contention. These authorities all relate to the effect of final settlement made by executors and administrators, and do not apply to the case made in the answer. There is a very marked distinction between the law governing the final settlement of decedents' estates and the law governing the settlement of the business and affairs of a partnership dissolved by the death of a member. In the former case the law, by proper

notice, brings every person interested in the estate under the jurisdiction of the court. Notice to heirs and creditors is required to be given of the taking out of letters and of the final settlement of the estate. Thus all heirs and all creditors are brought within the jurisdiction of the court and bound by its orders and decrees. Nothing of the kind is required or contemplated by the statute providing for the settlement of a partnership dissolved by the death of a member. It is not designed by the law that such settlement shall have the binding force and effect of an adjudication beyond the matters that are presented in the settlement. Even if such order of the court discharging a surviving partner on his final settlement of a partnership business was a conclusive adjudication between the partners and their representatives in this cause, still it would not be conclusive here. In this case the claim asserted by the appellant against the appellee is not based on her relation to the deceased member of the firm as his heir or representative, but is founded upon her receiving, as a stranger, and retaining in her hands, property which belonged to the firm. Could there be a doubt that if some third party, related in no way to either partner, should obtain possession of the partnership property and retain such property in his hands until after the dissolution of the partnership by the death of one of the members of the firm, and the final settlement of its affairs and the payment of its debts by the surviving member, and his discharge by the court having jurisdiction of the matter, the surviving partner and the representatives of the deceased partner might not join in an action to recover such partnership property; and could it with any degree of plausibility be contended that the defendant in such case could set up the discharge of said surviving partner either in bar or abatement of the action? In this case the settlement and discharge of the surviving partner of the firm of M. Schnell & Bro. by the court had nothing

whatever to do with the claim here made by the appellant against the appellee. If appellee could be said to have been before the court at all in that proceeding, it was not for the purpose of answering the charge that she had obtained and held property belonging to the firm. That is the charge with which she is confronted in this pleading, and we hold that the appellant is not concluded by the adjudication of the court discharging the receiver, so far as it could be called an adjudication, from asserting the claim made in his set-off in this case. Nor is it necessary that he should resort to the court in which the settlement of the partnership business was had, and ask that the proceeding be reopened, and that another receiver be appointed to proceed against the appellee for the collection of the claim set up in the set-off. The matter is purely one between the appellant and appellee, in which, under the facts alleged, no other parties have any interest.

(3) With reference to the third contention of the appellee, that an action will not lie against one partner by his copartner until the firm's business is finally settled, 6. it is sufficient to say that the averments of the answer show that there is no partnership existing between the appellant and the appellee and never was, and that the business of the firm of M. Schnell & Bro. has been settled and all its debts paid. With reference to the claim that no demand is alleged to have been made on the appellee for his share of the money, it is sufficient to 7. say that the answer averred that the appellee refused to account to the appellant for his share of the money collected by her on the clover-huller note, and this was sufficient, if demand was necessary—a point we do not decide. See *Ferguson* v. *Hull* (1894), 136 Ind. 339, 348; *Snyder* v. *Baber* (1881), 74 Ind. 47, 50; *Indiana Mfg. Co.* v. *Porter* (1881), 75 Ind. 428, 431. The demurrer to the first paragraph of answer should have been overruled.

The second paragraph of appellant's answer sets up the same matters severally, but its averments are different from those of the first paragraph. This paragraph avers the same facts that appear in the first paragraph with reference to the partnership, the death of Martin Schnell, the relation of the appellee to him, and the sale of the clover huller by the firm. But it avers that the purchasers executed their note therefor to the firm, and that the appellee obtained the possession of the note and collected the money due thereon, but it fails to state from whom or in what manner she obtained possession of the note. The inference is that she came into the possession of the note lawfully, that the same was duly and properly assigned to her by the firm for a valuable consideration, and that she held the note as her own property and collected the same as her own property, and this inference is not rebutted by the allegation that the appellant was ignorant of the transaction. Either member of the firm had authority to assign its notes by indorsement, and it might well be that the other member of the firm sold and assigned the note in question to the appellee for a valuable consideration, and used the proceeds in the firm's business. All inferences and intendments are to be taken against the pleader. We think the demurrer was properly sustained to this paragraph of answer.

The third paragraph of answer avers the same facts appearing in the first and second regarding the partnership of M. Schnell & Bro., the death of Martin Schnell, and the settlement of the partnership business. It also avers that said firm was indebted by their note to one Eastridge, that the partnership business was settled and the receiver discharged leaving this debt unpaid, and that no account was taken of the same in the settlement. It further avers that said Martin Schnell died testate, the owner of a large amount of property both real and personal; that by the

terms of his will he bequeathed and devised to the appellee his entire estate upon the express condition that she pay his indebtedness; that she accepted the provisions of the will, and under and by virtue of its terms entered into the possession of said decedent's property, and that on the final settlement of the partnership business, as aforesaid, there was a large fund for distribution, which was divided equally between the appellant and the appellee. Afterwards, said appellant was compelled to pay said partnership debt owing to said Eastridge, and he seeks to recover one-half of the amount thus paid by him as a set-off against appellee's demand.

The provisions of the will under which it is claimed the appellee took the deceased partner's property are not set out in the answer, nor is a copy of the same made a part of the pleading. This was a written instrument, and was the basis of the appellant's right to a set-off against the appellee on this account, and a copy of the will itself or the provisions of the will annexing the condition to the devise to appellee, under which appellant claims she bound herself to pay the testator's debts, should have been made a part of the pleading. For the failure to do so this paragraph of answer was clearly bad, and the demurrer was properly sustained.

The fourth paragraph of answer sets up, among other things, the same facts appearing in the third paragraph, but it also by a proper averment makes a copy of the deceased partner's will a part of the answer. The will, so far as it relates to this subject is as follows:

"Item One. I give and bequeath to my beloved wife, Rosa M. Schnell, all my personal property of every kind and description, including all cash moneys that I may die owner of.

Item Two. I give and bequeath to my beloved wife, Rosa M. Schnell, all of my land and real estate of every kind and description whatever and wherever

situated that I may die owner of, providing that my wife, Rosa M. Schnell, is to pay all of my indebtedness."

Several objections are urged by appellee against this claim:. (1) That the appellant is bound by the final settlement made of the partnership business. As we have already shown, the discharge of the receiver was in no sense an adjudication that could bind the creditors of the partnership. They were in no manner before the court, and, while the effect of the winding up and settlement of the partnership business was to preclude all partnership creditors who failed to present their claims for payment to the surviving partner before the partnership assets were administered upon by him from sharing in their distribution, yet, nevertheless, the personal liability of the partners to the creditors remained precisely the same after the settlement as it was before, and the reciprocal rights and obligations of the individual partners toward each other with reference to said debt remained the same. The law does not recognize partnerships, and the obligation of a partnership is the joint obligation of the individual members of the firm. *Stumph* v. *Bauer* (1881), 76 Ind. 157; *Dean* v. *Phillips* (1861), 17 Ind. 406; *Hardy* v. *Overman* (1871), 36 Ind. 549; *Ralston* v. *Moore* (1886), 105 Ind. 243; *Olleman* v. *Reagan* (1867), 28 Ind. 109; *Newman* v. *Gates* (1905), 165 Ind. 171.

It is only when the firm or some of its members are insolvent that the distinction arises between a partnership debt and any other kind of joint obligation. In that case equity intervenes and applies partnership property first to the payment of partnership debts, and individual property first to the payment of individual debts. Under the facts averred in this paragraph of answer this partnership note remained unpaid after the partnership business was settled. It was the joint debt of the defendant and of the estate of the deceased partner, and

each was equally bound to pay; and if one paid the entire debt his copartner or those who represent him became at once liable to such partner for contribution, and this obligation, both to pay and to contribute, arose when the note was executed. It was an obligation resting on the deceased partner at the time of his death. It was a debt, a part of his indebtedness, within the meaning of the provisions of his will, and it is a debt which the appellee by accepting the terms of the will and taking her husband's property thereunder made her own, and for which she became personally liable precisely the same as her husband would have been liable under the circumstances had he been living. This is not an effort to pursue the estate of the deceased husband or to reach property in the hands of an heir, devisee or legatee, but to enforce the personal obligation of the appellee. *Porter* v. *Jackson* (1884), 95 Ind. 210, 48 Am. Rep. 704, and cases cited. The appellant was entitled to the set-off claimed, and the court erred in sustaining the demurrer to this paragraph of answer.

Judgment of the court below reversed, with instructions to overrule the demurrer to the first and fourth paragraphs of the appellant's answer.