### In the Matter of Litchfield, Bankrupt.

*(District Court, S. D. New York. December 22, 1880.)*

1. MARSHALLING ASSETS—REV. ST. 5121—WHAT ARE AVAILABLE ASSETS —NEGLECT TO RECOVER THEM.

The rule as to marshalling assets in bankruptcy prescribed by Rev. St. 5121, requiring that firm assets shall be first applied to the payment of firm debts, and individual assets to the payment of individual debts, and the rule of equity, that where there are no firm assets the firm creditors shall share *pari passu* with the individual creditors in the individual assets, are not limited to the case where there has been an adjudication in bankruptcy of the firm. Both the rule and the exception apply where the individual partners have been adjudicated bankrupts on petitions against them individually.

The firm creditors have a right to share *pari passu* with individual creditors in the individual estate, where the firm assets are not more

than sufficient to pay the costs and expenses properly chargeable to the firm estate. *In re Slocum & Co.* U. S. D. C. Vt. Oct. 4, 1879; affirmed, *Blatchford*, C. J., Dec. 13, 1880.

Where the bankrupt and his partner, being engaged as a firm in the business of constructing a railroad, failed shortly before the petitions ·in bankruptcy against the individual partners were filed, an attempt to have the firm adjudicated having been abandoned by reason of the requisite number of creditors failing to join in the petition, and assets of the firm, consisting of railroad cars and horses used by them in work on the railroad, worth several thousand dollars, passed, with the property of the railroad company, into the hands of a receiver of its property, appointed in an action brought in a state court after the firm failed, and shortly before the filing of the petitions, and it was not shown that the receiver had any title or rightful claim to the property, nor what had become of it during the seven years that have elapsed since he took possession :

*Held*, that the petitioners failed to establish the fact that there were no firm assets available for the payment of firm debts, and that the firm creditors were not entitled to share *pari passu* with the individual creditors in the estate of the bankrupt.

That the test of available assets for such purpose is whether, at the time of the filing of the petition in bankruptcy, there was an available fund to pay firm creditors ; and a neglect by the firm creditors to avail themselves of such fund then existing, whereby it has been dissipated or lost to them, does not enlarge their equity against the individual estate, although in fact they have been paid nothing on their debts.

*E. E. Anderson*, for petitioners, cited *In re Jewett*, 1 N. B. R. 491; *In re Downing*, 3 N. B. R. 748; *In re Melick*, 4 N. B. R. 97; *In re Goedde*, 6 N. B. R. 295; *In re Knight*, 8 N. B. R. 436; *In re McEwen*, 12 N. B. R. 11; *In re Collier*, Id. 266.

*W. Howard Wait* and *N. J. Vanderpoel*, for assignee and individual creditors, cited Story on Partnership, §§ 376, 380; *In re Byrne*, 1 N. B. R. 464; *In re Hartough*, 3 N. B. R. 422; *In re Jewett*, 1 N. B. R. 491; *In re Downing*, 3 N. B. R. 748; *In re Knight*, 8 N. B. R. 436; *In re Frear*, 1 N. B. R. 660; *In re McGuire*, 8 Ben. 452; *In re Noonan*, 10 N. B. R. 300; *Barclay* v. *Phelps*, 4 Met. 397; *Hudgins* v. *Lane*, 11 N. B. R. 462; *In re Plumb*, 17 N. B. R. 76; *Crompton* v. *Conklin*, 15 N. B. R. 417; *Corey* v. *Perry*, 17 N. B. R. 147; *In re Lewis*, 1 N. B. R. 239; *In re Little*, Id. 341; *In re Winkens*, 2 N. B. R. 349; *Foster* v. *Pratt*, 3 N. B. R. 238; *Bant* v. *Iron Co.* 18

N. B. R. 279; *In re Grady*, 3 N. B. R. 227; *In re Shephard*, Id. 172; *Forsyth* v. *Merritt*, Id. 48; *In re Hopkins*, 18 N. B. R. 396; *In re Abbe*, 2 N. B. R. 75; *Tucker* v. *Oxley*, 5 Cr. 34; *Merrill* v. *Neil*, 8 How. 415; *Howe* v. *Lawrence*, 9 Cush. 553; *Summerset, etc., Works* v. *Minot*, 10 Cush. 592; *Robb* v. *Mudge*, 14 Gray, 534; *Wild* v. *Dean*, 3 Allen. 579; *In re Johnson*, 2 Lowell, 130; *In re Long*, 9 N. B. R. 227; *In re Morse*, 13 N. B. R. 376; *In re Berrians*, 6 Ben. 297.

CHOATE, D. J.   This is an application on the part of firm creditors to be allowed to share *pari passu* with individual creditors in the proceeds of the individual estate of the bankrupt.   The bankrupt, at and before his bankruptcy, was a partner with his brother, Electus B. Litchfield, in the business of constructing a railroad, and the petitioners are the creditors of the firm.   Both of the partners were separately adjudicated bankrupt, and no adjudication of the firm has ever been had.   Soon after the adjudication of this bankrupt, and after his death, an attempt was made to adjudicate the firm by the commencement of proceedings against Electus B. Litchfield as survivor of his copartner, this bankrupt, but the requisite proportion of the creditors did not join in the petition, and the proceeding was abandoned.

The claim of the petitioners is that they are entitled to share *pari passu* with the individual creditors of the bankrupt in his estate, because there were, as they claim, no firm assets available for paying any part of the firm debts, and on the further ground that, where there is no adjudication of the firm, the provisions of section 36 of the bankrupt law, (Rev. St. 5121,) which require the assets to be marshalled, and the firm assets to be applied, in the first instance, to the payment of the firm debts, and the individual assets to the individual debts, do not apply, but that in each case joint and separate creditors all share alike.

The counsel for the assignee has contended at great length, and upon a review of the many conflicting decisions on this perplexing question, that there is no exception to the rule of marshalling the assets between firm and individual creditors,

as required by section 36, Rev. St. 5121, in case of there being no firm assets; that the provisions of that section are imperative, and admit of no such exception or qualification, although under other systems of law, upon alleged equitable considerations, such an exception has been established. It is, however, unnecessary to go into this question, because in a recent decision, which is conclusive on this court, the right of firm creditors to share *pari passu* with individul creditors in the individual estate has been recognized and enforced, where the firm, as well as the individual partners, had been adjudicated, and the firm assets were not more than sufficient to pay the costs and expenses properly chargeable to the firm estate. *In re Slocum & Co.* D. C. Dist. Vt. Oct. 4, 1879; S. C. affirmed, on review, by *Blatchford*, C. J., Dec. 13, 1880. That question is not, therefore, open in this court, in a case where the firm has been adjudicated.

It has been doubted whether the rule of marshalling assets prescribed in section 36, Rev. St. 5121, has any application where, as in the present case, there has been no adjudication of the firm. *In re Downing*, 3 N. B. R. 753; *In re Melick*, 4 N. B. R. 99; *In re Long*, 9 N. B. R. 240. After a careful examination of all the cases cited, however, I am of opinion that both the rule and the exception, in case of there being no firm assets, apply as well where there is not as where there is an adjudication of the firm; that both the rule and the exception are well-established rules of equity in the liquidation of the assets of insolvent partnerships, of general application, the principles of which are recognized as applicable to cases under the bankrupt law by the thirty-sixth section, and that there is no decisive expression of an intent in any of the other provisions of the law to ignore them or prevent their application; that the rule and the exception to it, as determining the rights of the different classes of creditors, resting as they do on well-known and long-recognized equities between different classes of creditors, those equities are not in any sense altered by the accidental circumstance that there was no adjudication of the firm; that the neglect of the co-

partners themselves, or of the firm creditors, to procure such an adjudication, cannot alter the respective interests of the different classes of creditors in the assets; and especially that the voluntary failure of the copartners, or their firm creditors, to act in this respect, cannot have been intended by the framers of this law to diminish the interest of the individual creditors in the estate of their debtor, the individual bankrupt.

Assuming, then, that the non-existence of firm assets available for the payment of some part of the firm debts will entitle the firm creditors to share *pari passu* in the individual estate, and that the existence of such assets will exclude them from such right to share in those assets, it is necessary to determine whether, upon the evidence in this case, there were, within the meaning of this rule, any such available assets. The non-existence of such assets is seriously contended for by the petitioners, but I think the proofs do not establish the fact. Shortly before their bankruptcy the firm purchased 10 cars, to be used by them in the construction of the railroad, and at the time of their bankruptcy these cars, which cost them $10,000, were on the railroad, and were worth nearly what they cost. The firm is shown also to have owned a pair of horses, worth about $400, which were also used by them in their work upon the railroad. After the firm failed, and shortly before the petitions in bankruptcy against the individual partners were filed, a receiver of the property of the railroad company was appointed in a suit brought in a state court, and he took into his possession these cars and horses, together with the property of the railroad company. There is no evidence which justifies the conclusion that the receiver acquired any title whatever to the cars or the horses. So far as appears he took possession of them because he found them on the railroad, and nobody ever made any claim on him for them. What has become of them in the seven years that have since elapsed is not shown. It may, however, be now safely assumed that they are virtually lost, both to the firm and its creditors; but I see no reason to doubt that if a claim had been made at the time, in accordance with

what appears to have been the rights of the parties, they would have been surrendered by the receiver without litigation, or could have been obtained from him by a suit of replevin brought by an assignee in bankruptcy of the firm. It is indeed argued that because the receiver had a large claim against the firm for breach of contract he would have either successfully resisted this claim, or made it so expensive to enforce that the claim for this property must be regarded as worthless. It cannot, however, be assumed that a receiver, the officer of a court, would, or would be allowed to, interpose vexatious obstacles to the assertion of so clear a right of property; and I see no way in which he could make his claim against the firm for breach of contract available to defeat the claim of an assignee for creditors to specific chattels belonging to the bankrupts, in which the receiver, as a creditor, would have no greater interest than any other creditor, and in which he certainly acquired no new interest by an accidental possession, even though when he took that possession it may have been upon the supposition on his part that he had a right to the property as receiver of the railroad company. The test of available assets is, I think, whether, at the time of the filing of the petition in bankruptcy, there was an available fund to pay firm creditors, and if, by their neglect to avail themselves of such fund, either through ignorance of its existence or otherwise, the fund then existing has been dissipated or lost, it does not seem to me that their equity against the individual estate is enlarged. Ordinarily, where an assignee is appointed, and administers the property under the law, and in fact he does not realize anything above costs and expenses, it may be assumed that the property was worth nothing as a fund for payment of debts at the time of filing the petition. The presumption certainly is that he has realized its entire value. But no such presumption can be indulged where the proof is that the property then had substantial value, and the failure to realize upon it is owing to the fact that it was abandoned and never administered. It is unnecessary to examine the question as to any other alleged assets of the firm.

On the ground, therefore, of a failure to prove the non-existence of firm assets, the petitioners' application to share *pari passu* in the individual estate must be denied.

Petition dismissed.