In re CONRADER.

(District Court, W. D. Pennsylvania. July 15, 1902.)

No. 1,279.

1. BANKRUPTCY—PARTNERSHIP CREDITORS—RIGHT TO SHARE IN INDIVIDUAL ESTATE.

Partnership creditors are entitled to share ratably with individual creditors in the individual assets of a bankrupt, where the partnership became insolvent and its assets were exhausted prior to the bankruptcy, and before the individual debts were contracted.

In Bankruptcy. On question certified by referee.

J. R. Brotherton, Geo. A. Allen, and L. Rosenzweig, for Kate A. Conrader and others.

John S. Rilling and Henry A. Fish, for Bert Young.

BUFFINGTON, District Judge. W. A. Jenkins and Charles A. Conrader, partners doing business as Jenkins & Conrader, contracted prior to September, 1895, the firm debts here involved. In that month the entire property of the partnership was sold at sheriff's sale, and the firm and both members thereof became insolvent. Subsequently Jenkins left the state, has since remained away, and there is no proof that he is other than insolvent. Meanwhile Conrader entered the hotel business, incurred debts aggregating $987.36, and on December 10, 1900, was adjudged bankrupt. From the sale of Conrader's individual property the fund in controversy, $1,201, was realized. The referee awarded it pro rata to firm and individual creditors. On request of the latter, he certified the question now before us, viz.:

"Whether Mehl & Sapper and other creditors of the late firm of Jenkins & Conrader, of which firm Charles A. Conrader, the bankrupt, was a mem-

ber, are entitled to take pro rata with the individual creditors of said bankrupt in the distribution of the funds in the hands of the trustee, derived from the sale of the personal property of bankrupt; there being no assets for .the payment of partnership debts."

Where firm and individual assets are for distribution, the bankrupt law (section 5, cl. "f") defines. the order, viz.:

"The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts and the net proceeds of the individual estate of each partner to the payment of his individual debts."

—And as to the surplus, enacts:

"Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of partnership debts. Should any surplus of the partnership property remain after paying the partnership debts, such surplus should be added to the assets of the individual partners in proportion to their respective interests in the partnership."

This statutory provision merely expresses the general rule governing the equitable distribution of such funds. In many cases it has been held that such rule only applies where both partnership and individual estates are before the court for distribution. While the decisions are not uniform in that regard, yet in this circuit the rulings under the act of 1867 (and the provisions of the present law are substantially the same) recognize the sufficiency of the exception stated to avoid the rule. In Re Lloyd (D. C.) 22 Fed. 89, it was held by Judge Acheson, in the district court, that "the rule that the joint estate must be applied to pay the joint debts, and the separate estate to pay the separate debts, is only applicable where the joint estate, as well as the separate estate, is before the court for distribution." This was but a restatement of what was held by Mr. Justice Strong, of the supreme court, sitting at circuit with Judge McKennan, in the case of U. S. v. Lewis, Fed. Cas. No. 15,595. In the present case the insolvency of both partners, and the fact that no firm assets exist, or, indeed, have existed since the individual indebtedness of Conrader was contracted, bring the case within the exception. Apart from the constraining force of these decisions, we see no reason why, under the facts of this case, the partnership debts should not participate in this fund. Personal liability for them arose when they were incurred. Exhaustion of the firm's assets made this personal liability and the property of the individual partners the sole source to which recourse could be had for payment. Under these conditions, and with this individual liability of Conrader impending, the complaining creditors chose to grant him further credit. Such being the case, there is no equitable reason why the individual liability then resting on Conrader to pay these pre-existing firm debts should be postponed in enjoyment or affected in realization because thereafter he created other and purely individual ones.

The question submitted is answered in the affirmative.