CONRADER et al. v. COHEN.

(Circuit Court of Appeals, Third Circuit. April 16, 1903.)

1. BANKRUPTCY—PARTNERSHIP CREDITORS—RIGHT TO SHARE IN INDIVIDUAL ESTATE.

Partnership creditors are entitled to share ratably with individual creditors in the individual assets of a bankrupt, where there is no partnership estate and no solvent partner.

Appeal from the District Court of the United States for the Western District of Pennsylvania, in Bankruptcy.

J. R. Brotherton, for appellants.

Henry A. Fish, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

ACHESON, Circuit Judge. This case is to be considered not simply with reference to the terms of the question formally certified by the referee in bankruptcy to the District Judge, but upon all the facts shown by the record. The facts so appearing are these: Prior to September, 1895, W. A. Jenkins and Charles A. Conrader did

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 563.
    121 F.—51

business as partners under the firm name of Jenkins & Conrader, and contracted firm debts, which are unpaid, and have been proved here. In the month of September, 1895, the entire property of the firm was sold upon execution by the sheriff of Erie county, Pa., and the partnership and each of the individual partners became insolvent. There was no evidence as to the present financial condition of W. A. Jenkins, or that he was other than insolvent. After his insolvency had occurred, in September, 1895, he left the state, and never returned. His present residence was not shown. Charles A. Conrader, after September, 1895, entered into the hotel business, incurred debts, and on December 10, 1900, was adjudged a bankrupt. From the sale by the trustee in bankruptcy of Conrader's individual property, namely, his retail liquor license and his lease, the fund here in controversy was realized. The District Court (118 Fed. 676), affirming the action of the referee in bankruptcy, decreed that in the distribution of the fund in the hands of the trustee in bankruptcy the creditors of the firm of Jenkins & Conrader were entitled to share pro rata with the individual creditors of Conrader, the bankrupt. Whether this ruling was right is the question before us.

It will be perceived that a single fund only—derived from the separate estate of the bankrupt, Conrader—was before the court for distribution; that all the property of the firm of Jenkins & Conrader had been sold upon execution in the year 1895, and passed to the sheriff's vendee; that the partnership is not in bankruptcy; that there are no firm assets; and that there is no solvent partner. The insolvency of Jenkins in 1895 having been shown, that condition will be presumed to have continued, in the absence of any evidence to the contrary. If his financial condition changed, it was for the contesting individual creditors to show it. Upon the facts here appearing, why should not the firm creditors participate in the fund before the court? It is the only fund available to any of the creditors. Now, it is well settled that each partner is debtor to the creditors of the firm. In equity, as at law, partnership debts are treated as several, as well as joint. Upon principle, we think the District Court was right in admitting the partnership creditors to participate pro rata with the individual creditors in this fund.

We find abundant authority to sustain the decision of the court below. In United States v. Lewis, 13 N. B. R. 33, Fed. Cas. No. 15,595, it was held by Mr. Justice Strong and Circuit Judge McKennan that the rule that the joint estate must be applied to pay joint debts, and the separate estate to pay the separate debts, is only applicable where the joint estate, as well as the separate estate, is before the court for distribution; and in the same case upon appeal (Lewis v. United States, 92 U. S. 618, 623, 23 L. Ed. 513) the Supreme Court, speaking by Mr. Justice Swayne, said, "A court of equity will not entertain the question of marshaling assets unless both funds are within the jurisdiction and control of the court." In the case in hand two funds do not exist. The established English doctrine is thus stated in Lindley on Partnership (2d Am. Ed.) p. 731; Id. (6th Ed.) § 749:

"If in the case of a bankrupt firm there is no joint estate, the joint creditors are entitled to rank as separate creditors against the separate estates of the individual partners. So, if one partner only is bankrupt, the creditors of the firm are entitled to rank as separate creditors against the separate estate of the bankrupt, if there is no joint estate and if there is no solvent ostensible partner—at all events, none in this country."

The like doctrine is set forth in Story on Partnership, § 380. That where there are no partnership assets and no solvent partner, the firm creditors share in the separate estate of the bankrupt partner pari passu with the individual creditors, was the recognized rule under the bankrupt act of 1867 (14 Stat. 517); In re Downing, 7 Fed. Cas. No. 4,044; In re Knight, 14 Fed. Cas. No. 7,880; In re Pease, 13 N. B. R. 168, Fed. Cas. No. 10,881. Here we cannot do better than quote what was said by Circuit Judge Dillon in Re Downing, supra:

"Section 36 of the bankruptcy act only comes into operation when there are firm assets, and the proceedings are instituted against the firm and each of its members, in which case the assets are to be marshaled according to the equity rule; firm creditors to have priority as respects the joint assets, and individual creditors as respects the separate assets of their debtor. This construction of the bankruptcy act has the merit of producing that equality which it is the leading and manifest purpose of the act to secure, and, in effect, reaches the result which the English chancellors have felt bound by equitable principles to adopt, viz., that where there is no joint estate and no solvent partner, all the creditors, joint and separate, shall share pari passu in the estate of the bankrupt partner."

We discover no material difference between the provisions of the bankruptcy act of 1867 and those of the act of 1898 touching the question under consideration. In this regard, section 36, of the former act (14 Stat. 534) and subdivisions "d," "f," and "g" of section 5 of the latter act (30 Stat. 547, 548 [U. S. Comp. St. 1901, p. 3424]), are in substantial agreement. The learned District Judge, we think, rightly decided that the firm creditors should share pro rata with the individual creditors in the fund here for distribution. In so holding, he reached a result not only just in itself, but sustained by the great weight of authority, as it seems to us. Accordingly the decree of the District Court is affirmed.