In re JANES et al.

(District Court, W. D. New York. March 7, 1904.)

No. 1,313.

1. BANKRUPTCY—PARTNERSHIP—DISTRIBUTION BETWEEN FIRM AND INDIVID-UAL CREDITORS.

In a partnership bankruptcy, where it appears that there is no solvent living partner, and there are no assets in the partnership estate, the creditors of such estate are entitled to share ratably with the creditors of the individual partners in the estates of such partners.

In Bankruptcy. On question certified by referee.

O. H. Riordan, for Bank of Leroy.
Frank M. Loomis, for trustee.

HAZEL, District Judge. The question certified for review by Referee Hotchkiss is as follows:

"Whether, in a partnership bankruptcy, where it appears that there is no solvent living partner, and no assets in the partnership estate, the creditors of such partnership estate shall share with the creditors of the individual partners in the estates of such individual partners?"

The opposing creditors contend that the provisions of section 5 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 547, 548 [U. S. Comp. St. 1901, p. 3424]), must be strictly construed, and that individual creditors have a preference over firm creditors in the distribution of individual assets, and, conversely, that in the distribution of firm assets the copartnership creditors have a preference over individual creditors; that neither expressly nor by implication does the present bankrupt act recognize an exception to the general rule as practically set forth by section 5 of the act, and accordingly the creditors of the bankrupt partnership are not entitled to take pari passu with the individual creditors of Ezra S. Janes, one of the partners. The referee has decided that there were no firm assets, and that both partners were living and insolvent. This conclusion upon the facts will be adopted here. Such conclusion justifies the exception to the rule as set forth in Story on Partnership, § 388, that, "when there is no joint estate and no solvent partner, all the creditors, joint and separate, shall share pari passu in the estate of the bankrupt partner." This exception to the general rule finds support in subdivision "g" of section 5, which provides for marshaling the assets of the partnership estate and individual estates so as to prevent preferences and secure an equitable distribution among the partnership and individual creditors. I am unable to perceive, on principle, why the creditors of the individual partner should receive what, in effect, would be a legalized preference over the copartnership creditors, when both classes must be paid from a single fund. Moreover, if no bankruptcy proceedings had been instituted, the remedy of the

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 563.

creditors of the firm for the collection of their debt would, in the first instance, have enabled resort to the joint property of the partnership, and then, such property being insufficient to pay the debt, to the separate estate of the individual partners. A construction of the statute so as to preclude the exception to the general rule would practically nullify the fundamental principles of the bankrupt act, which aim to effectuate an equitable division of assets pro rata among all the creditors. In re Conrader (D. C.) 118 Fed. 676, affirmed as Conrader v. Cohen, 121 Fed. 801, 58 C. C. A. 249; In re Green, 116 Fed. 118; In re Mills (D. C.) 95 Fed. 269.

It is true, the authorities are not entirely in accord with the conclusions here found. In re Wilcox (D. C.) 94 Fed. 84, where all the authorities on the point in this country and in England are exhaustively reviewed, is a notable exception. The decided weight of authority, however, favors upholding the exception to the general rule. Such rule should be applied in the case at bar.

The question submitted for review is answered in the affirmative. So ordered.