### In re JANES et al.

#### (Circuit Court of Appeals, Second Circuit. December 6, 1904.)

#### No. 52.

1. BANKRUPTCY—PARTNERSHIP—INDIVIDUAL ASSETS—APPLICATION.

Where a partnership and the individual members, being insolvent, were adjudged bankrupts, and the firm had no assets, firm creditors were not entitled to share in the individual assets of one of the partners, which assets were wholly distributable to his individual creditors, under Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], providing that the net proceeds of the individual estate of each partner shall be applied to the payment of his individual debts, and that the surplus only shall be applied to pay partnership debts.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of New York, in Bankruptcy.

For opinion below, see 128 Fed. 527.

This cause comes here upon petition to review an order of the District Court, Western District of New York, affirming a ruling of the referee to the effect that the creditors of the bankrupt partnership shall share with the creditors of the individual partners in the estates of such individual partners. The relevant provisions of the bankrupt act are (section 5):

"(f) The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of the partnership debts. Should any surplus of the partnership property remain after the paying the partnership debts, such surplus shall be added to the assets of the individual partners in the proportion of their respective interests in the partnership.

"(g) The court may permit the proof of the claim of the partnership estate against the individual estates, and vice versa, and may marshal the assets of the partnership estate and individual estates so as to prevent preferences and secure the equitable distribution of the property of the several estates.

"(h) In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424].

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 559.

V. H. Riordan, for petitioner.

Frank M. Loomis, for trustee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts). The bankrupts were adjudicated such on February 13, 1904, and a trustee appointed, who proceeded to sell all the assets of the copartnership and individual estates. The individual estate of H. S. Janes produced $15.50, the individual estate of Ezra S. Janes produced $6,-155.06, and the firm assets sold for $10. Whether the last-named sum was ever collected is not clear, but the referee finds that the firm assets are "none." Both partners are insolvent. Creditors of the partnership and creditors of Ezra S. Janes proved their claims, and it has been held that all shall share alike in the estate of Ezra—a decision which the petitioner here, a creditor of Ezra, seeks to review.

It will be noted that such a marshaling of the assets is not as provided in the sections above quoted, but it is insisted that when there are no firm assets and no solvent partner an "exception" is created, to which the rule of the statute does not apply. It seems unnecessary to add anything to the extended discussion of this question already published in the Reports. Reference may be had to the careful and exhaustive historical review of the authorities which is contained in Judge Lowell's opinion in Re Wilcox (D. C.) 94 Fed. 84, and to the later decisions which sustain the construction adopted by the district court in case at bar. In re Conrader (D. C.) 118 Fed. 676, affirmed 121 Fed. 801, 58 C. C. A. 249; In re Green (D. C.) 116 Fed. 118.

We are of the opinion that the rule to be applied is the rule laid down in the sections above quoted from the bankrupt act. It was within the discretion of Congress to leave this subject of the marshaling of assets to the courts, to be disposed of in accordance with equity principles and practice, or to provide that the general rule should be modified in particular cases. It has done neither. On the contrary, it has itself directed how the assets shall be marshaled, and it has done so in language broadly covering this case as well as all the others. The language is plain, explicit, and unambiguous; it names no "exception"; its phraseology conveys no intimation that any "exception" is contemplated. To inject into the act an excepting clause where none has been enacted would seem to be judicial legislation. For this reason, we have reached the conclusion above expressed.

The order under review is reversed, and the cause remanded, with instructions to marshal the assets in accordance with the directions of the bankrupt act.