## HARTMAN v. JOHN PETERS & CO.

(District Court, M. D. Pennsylvania.   June 1, 1906.)

No. 702.

BANKRUPTCY—PARTNERSHIP—ACTS OF BANKRUPTCY.

A conveyance by a partner of his individual property, although with intent to prefer a firm creditor, does not constitute an act of bankruptcy by the firm, and will not sustain proceedings in bankruptcy against the partnership.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 57.]

In Bankruptcy.   On exceptions to report of referee.

G. Wilson Swarts, for exceptions.
Harry M. Leidigh, for petitioning creditors.

ARCHBALD, District Judge.   This case is ruled by in Re Redmond, 9 N. B. R. 408, Fed. Cas. No. 11,632, which is squarely in point. As is there pertinently said: "It seems too clear to admit of argument that, in order to maintain proceedings in bankruptcy against partners as such, it must be alleged and proven that the firm has committed an act of bankruptcy; and that, when the act charged is the fraudulent conveyance of property, it must be of partnership property. * * * A conveyance by one partner of his individual property, although an act of bankruptcy as against him, will not sustain a proceeding in bankruptcy as against the firm, even though such conveyance was made with intent to hinder, delay, or defraud firm creditors, or with a view of giving preference to a firm creditor.   In such case the proceeding must be against such partner alone."

The only act of bankruptcy charged in the present instance is the transfer by John Peters, one of the members of the respondent firm, of his individual property (his farm) with intent to defraud his creditors, and upon this it is prayed that the firm may be adjudged bankrupt.   By an amended or supplemental petition, the transfer is alleged to have been made with intent out of the proceeds to prefer W. S. Adams, his son-in-law, an indorser for the firm, and the Gettysburg National Bank, which held a number of the firm notes which he had indorsed, and the prayer is modified so as to extend not only to the firm, but to the individual members.   The referee upheld the proceedings, and directed that an adjudication be made; but upon the strength of the authority cited, as well as upon principle, this cannot be sustained. The act relied on was individual and single, being simply the conveyance by John Peters of his farm to secure certain of the firm debts. The circumstances attending the transaction and the parties benefited thereby may justify the conclusion that it was fraudulently intended, or, if not that, that it at least effected a preference of the firm creditors secured.   But with this the firm itself, so far as appears, had nothing whatever to do; nor had Earl Peters, the other member of it, who could not be affected, nor could his partnership interest, by the separate and distinct act of his copartner, dealing, not with the firm property, but with his own.   The petition should have been directed

against John Peters, and not, as it is, against the firm, and must therefore be dismissed. There are other questions in the record, but this is decisive, and they will not be considered.

The exceptions are sustained, and the proceedings are dismissed, at the cost of the petitioning creditors.