EUCLID NAT. BANK et al. v. UNION TRUST & DEPOSIT CO.

(Circuit Court of Appeals, Fourth Circuit. December 14, 1906.)

No. 664.

**1. BANKRUPTCY—ORDERS—REVIEW—MODE.**

Where an order was entered in bankruptcy, merely denying petitioner's right to participate in the individual assets of the bankrupt until the individual creditors had been first paid, and no order was entered either by the referee or District Court rejecting petitioner's claim, such order was reviewable on a petition for review, and not solely by appeal, under Bankr. Act July 1, 1898, c. 541, §§ 24, 25a, 30 Stat. 553 [U. S. Comp. St. 1901, pp. 3431, 3432].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 915.]

**2. SAME—PARTNERSHIP—INDIVIDUAL ASSETS—APPLICATION.**

Where a member of an insolvent firm was adjudged a bankrupt, and the firm had no assets, firm creditors were not entitled to share in the individual assets of the bankrupt partner, which were insufficient to pay his individual debts, under Bankr. Act July 1, 1898, c. 541, § 5, subsecs. "f," "g," "h," 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], providing that the net proceeds of the individual estate of each partner shall be applied to the payment of his individual debts, and that the surplus only shall be applied to pay partnership debts, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 563.]

Petition to Review, in Matter of Law, a Decision of the District Court of the United States for the Northern District of West Virginia, at Clarksburg.

For opinion below, see 142 Fed. 588.

C. D. Merrick, for appellants.

B. M. Ambler, for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge. This is a petition to review, in matter of law, the action of the United States District Court for the Northern District of West Virginia, rendered on the 15th day of January, 1906, whereby said court adjudged and determined that the petitioners, creditors of the firm of Henderson, Barrett & Co., of which the bankrupt, H. C. Henderson, was a partner, were not entitled to share in the individual assets of the said H. C. Henderson, who had been adjudged a bankrupt, until his individual creditors had been first paid. The facts in the case are briefly these: H. C. Henderson was duly adjudged a bankrupt, and the Union Trust & Deposit Company was chosen as trustee of his estate in bankruptcy. Pending the bankruptcy proceedings, the petitioners for review here, creditors for a large amount of the firm of Henderson, Barrett & Co., in which the bankrupt was a partner, sought to prove their claims in Henderson's bankruptcy pro-

ceeding; their contention being that, inasmuch as there were no assets of the firm, they had the right so to do. It was conceded that the individual assets of the bankrupt were not sufficient to pay his individual creditors in full; that the firm was insolvent; that there was no solvent partner thereof, and the firm as such, had not been adjudicated bankrupt. The referee denied the right of the partnership creditors to participate in the dividend arising from the estate of the bankrupt, H. C. Henderson, until his individual creditors had been fully paid. From this action of the referee, an appeal was duly taken to the District Court, and that court, taking the same view of the law, approved and confirmed his finding, and this petition for review of the District Court's action was applied for.

The question presented for our consideration is the correct interpretation of the provisions of Bankr. Act July 1, 1898, c. 541, § 5, subsecs. "f," "g," "h," 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], respecting the distribution of the estates of bankrupts between individual and social creditors. A preliminary question is raised which it is necessary first to dispose of, namely, the appellees moved to dismiss the petition on the ground that the relief sought could only be secured by appeal pursuant to sections 24 and 25a of the bankrupt law, and not by a petition for review. It is true that the last-named section, paragraph 3, contemplates that appeals shall be taken in case of the allowance or rejection of a debt or claim in excess of $500, and that that is the appropriate remedy, and not a petition for review; but we think upon a careful perusal of the two sections in question it will be apparent that the action complained of was not such a rejection of the debt claimed as is contemplated in the act regarding appeals. Neither the referee nor the lower court rejected the debt of the petitioners, but denied to the holders of the debts the right of participation in the individual assets of the bankrupt until the individual creditors had been first paid. The petitioners would share to the full extent of their debts, in any distribution of the individual estate, after the extinguishment of the individual debts, had there been sufficient assets. The motion to dismiss should therefore be denied.

Coming to the merits of the case, clauses "f," "g," and "h" of section 5 of the bankrupt law are as follows:

"f. The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of the partnership debts. Should any surplus of the partnership property remain after paying the partnership debts, such surplus shall be added to the assets of the individual partners in the proportion of their respective interests in the partnership.

"g. The court may permit the proof of the claim of the partnership estate against the individual estates, and vice versa, and may marshal the assets of the partnership estate and individual estates so as to prevent preferences and secure the equitable distribution of the property of the several estates.

"h. In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the parnership propery shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the

partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

The language of subsection "f" would seem to be too clear to admit of serious doubt as to its meaning, namely, that the estate of the individual bankrupt should be first applied to individual debts, and those of the firm to the firm debts, and that only the surplus of the estate over and above what was necessary to pay the individual debts on the one hand, or the social creditors on the other, could be used and applied alike to the payment and adjustment of the individual and partnership debts, as the case may be. Indeed, the act plainly limits this latter application of the assets to the surplus thereof, as distinguished from the estate generally. The contention, however, is earnestly made that notwithstanding the clear and unambiguous provisions of the act, and the apparent justice thereof, a different rule should be adopted, and an exception made in cases where there is no partnership estate, and that in such a contingency the social creditors have a right to share along pari passu with the individual creditors, in the distribution of the latter estate. The question thus raised is not a new one, either under this or the former bankruptcy acts, and has given rise to much discussion in this country and in England, resulting in many conflicting decisions, and an apparently hopeless confusion of the subject. We are disinclined to enter into a general discussion of the various and irreconcilable opinions found in the reported cases. The decision of Judge Lowell in Re Wilcox (D. C.) 94 Fed. 84, contains an extended review of the entire subject, and especially a history of the law, to which we take the liberty of referring. The Circuit Court of Appeals of two of the circuits have taken antagonistic views of the present bankruptcy act. In Conrader v. Cohen, 121 Fed. 801, 58 C. C. A. 249, a decision of the Circuit Court of Appeals for the Third Circuit, the petitioners' right to share as partnership creditors in the individual assets of the bankrupt is fully recognized; and in Re Janes, 133 Fed. 912, 67 C. C. A. 216, a decision of the Circuit Court of Appeals for the Second Circuit, the contrary view is taken. A careful consideration of the entire subject and review of the authorities convinces this court that, whatever may have been the correct rule under former bankruptcy acts, the latter case, a decision of Judge Lacombe, of the Second circuit, concurred in by Judges Wallace and Townsend, presents the correct construction of the law under the present act; and, however much force there may have been in the contention made by petitioners under the former bankruptcy acts, or what may be the correct general doctrine applicable to the settlement and distribution of partnership estates, that it was clearly within the power of Congress to adopt a method for marshaling such assets, to be applied to the respective classes of creditors, which it has done, and in terms too clear and comprehensive to admit of the necessity for interpretation further than to adopt and follow its plain mandates. To ingraft upon this act the exception sought to be maintained by the petitioners would be manifestly improper on the part of the court, and in the language of Judge Lacombe in Re Janes, supra, would be judicial legislation. An able discussion on the subject will be found in the opinion of the

lower court (128 Fed. 527), to which we refer, as also to In re Mills (D. C.) 95 Fed. 269, and In re Corcoran, 12 Am. Bankr. Rep. 283.

For the reasons given herein, the action of the lower court is in all respects approved, and the petition for review denied.