## MILLS v. J. H. FISHER & CO.

(Circuit Court of Appeals, Sixth Circuit. March 11, 1908.)

No. 1,740.

1. BANKRUPTCY—APPEAL—TIME FOR TAKING.

Where a petition for a rehearing was filed within 10 days after an order was made sustaining a demurrer to a petition in involuntary bankruptcy, an appeal taken within 10 days after the petition was disposed of and the judgment of dismissal became final was in time.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—PARTNERSHIP.

Under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], a partnership is a distinct entity, and may be adjudged a bankrupt, irrespective of any adjudication against its individual members; but, when there is no adjudication against the firm, the partnership assets cannot be administered, if there be one member not adjudicated, unless he consents.

3. SAME—"ACT OF BANKRUPTCY."

It is not an "act of bankruptcy," for which a firm may be adjudged a bankrupt, that one of its members, out of his individual estate, prefers one of his own, or one of the firm's, creditors.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, p. 118.]

4. SAME—"ACT OF BANKRUPTCY" OF PARTNER—PREFERENCE OF FIRM CREDITOR.

One member of a partnership, which is insolvent and without assets, who applies his whole separate estate to the payment of a creditor of the firm, thereby gives such creditor a preference over others of the same class, and commits an "act of bankruptcy," which may be made the basis of a petition by other firm creditors to have him individually adjudged a bankrupt.

Appeal from the District Court of the United States for the Western District of Tennessee.

Wm. W. Goodwin, for appellant.

A. W. Biggs, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. The court below sustained the demurrer and dismissed a petition praying an adjudication of bankruptcy against the defendants. From this judgment the petitioners have appealed.

The objection that the appeal was too late is not well founded. Before the 10 days allowed for an appeal had expired a petition to rehear was filed. Within 10 days after this was disposed of, and the judgment thereby made final, this appeal was prayed and allowed. This was in time. In re McCall, 145 Fed. 898, 76 C. C. A. 430. The case of Conboy v. First National Bank, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128, is not applicable. The petition to rehear was filed after the time for an appeal had expired, and the right of appeal could not be resuscitated by an application to rehear.

The petitioner and appellant is a corporation in the cotton milling business in South Carolina. The petition averred that J. H. Fisher and Henry Fisher were partners, under the name and style of "J. H. Fisher & Co.," carrying on business at Memphis, Tenn.; that J. H. Fisher resided at Memphis; but that the other partner resided without the district. It is averred that this firm is indebted to the petitioner in a sum in excess of $500 over and above any security for the claim, and that the creditors of the firm are less than 12 in number. It is averred that the firm and its individual members were insolvent at the date of the acts of bankruptcy alleged, and continue so to be. To this petition J. H. Fisher, the only member of the firm served with process, appeared, and for the firm of J. H. Fisher & Co. and for himself as an individual member demurred, principally upon the ground that no act of bankruptcy is averred as having been committed either by the firm or by J. H. Fisher as a member thereof.

The act of bankruptcy relied upon consists in the transfer by J. H. Fisher of "substantially his entire property" to his son, George W. Fisher, for the "recited consideration" of $10,000 due to the grantee for services rendered and money loaned and "$5,000 cash in hand paid." The petition in respect of this says:

"But it does not appear to whom or of what kind the services were rendered, or to whom the money was loaned, and the petitioner will ask leave to show that the loan of money and services were for the firm of J. H. Fisher & Co. and the debt was a firm debt."

The transfer is not attacked as fraudulent, but as a transfer operating as a preference given within four months. The property transferred was the individual property of J. H. Fisher. It is averred that the firm and each member were insolvent; that the firm had never had any capital or assets in their business, but carried on the business of buying and selling cotton upon credit—the property and credit of J. H. Fisher being the one resource of the firm for credit. Upon this statement of

facts it is contended that, whether the debt preferred was a debt of the firm or the individual debt of the member, it was an act of bankruptcy by the firm.

A partnership, under the bankrupt act of 1898, is a distinct entity— a "person." Act July 1, 1898, c. 541, § 1, cl. 19, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]. As an entity it may be adjudged to be a bankrupt, irrespective of any adjudication against the individual members. In re Meyer, 98 Fed. 976, 39 C. C. A. 368; In re Mercur, 122 Fed. 384, 58 C. C. A. 472; Loveland on Bankruptcy (3d Ed.) §§ 96, 97, 98. When there is no adjudication against the firm, the firm assets cannot be administered by the bankrupt court, if there be one member not adjudicated, unless he consent. In such cases the unadjudicated partner has the right to wind up the firm, paying over only the share of the bankrupt partner to his trustee. Act 1898, § 5. So distinct are the estates of the members of the firm from that of the firm that, when all the members of the firm are adjudged bankrupt individually and the firm is not so adjudged, the trustee of the individual members was adjudged not to be entitled to administer firm assets which were in the hands of a trustee under an assignment made by the firm. Amsinck v. Bean, 22 Wall. 395, 22 L. Ed. 801; In re Mercur, 122 Fed. 384, 58 C. C. A. 472.

But it is not an act of bankruptcy for which a firm may be adjudged a bankrupt that one of its members, out of his individual estate, prefers one of his own or one of the firm's creditors. In bankruptcy, the assets of a bankrupt partnership must be first applied to the payment of partnership debts, and the individual assets to the payment of the individual debts. The joint creditors are only entitled to share in the surplus of the individual assets, and the individual creditors only in the surplus of joint or firm assets. Bankr. Act 1898, § 5. The application by one partner of his individual property to the payment of one firm creditor would be an individual act, and not the joint act of the firm, and, therefore, not an act for which the firm could be adjudged bankrupt. In re Redmond, Fed. Cas. No. 11,632; Hartman v. John Peters & Co. (D. C.) 146 Fed. 82. Although the intent be to prefer a firm creditor, it is not enough to sustain a proceeding against the firm. Loveland on Bankruptcy, § 49. The general averment that the firm of J. H. Fisher & Co. have, within four months, "paid out large sums of money in the settlement of the debts of the firm and thereby making preferences among creditors," etc., is a vague dragnet, specifying no act of preference which under any rule of pleading would justify an adjudication. Loveland on Bankruptcy (3d Ed.) § 69. The dismissal of the petition, so far as an adjudication against the firm is sought, was not error.

There remains the question as to whether John H. Fisher can be individually adjudicated a bankrupt upon the averments of this petition. If we construe the averments to be that Fisher has applied his individual property to the payment of a joint debt, and we think we must, intending to prefer that debt over other firm debts, we are confronted with the question as to whether that is not a preference for which he may be adjudicated a bankrupt? He was individually liable for every

partnership debt, as well as liable for his individual debts. In equity, and in bankruptcy, his individual creditors are entitled to be paid out of his individual property before his partnership creditors. Manifestly, if the claim of the Watts Mills is an individual debt against J. H. Fisher, there would be no doubt but that such a preference of one creditor over another of the same class would be an act justifying an adjudication in bankruptcy. That is too plain to need discussion. But that is not the case. The claim of the Watts Mills is against the firm, and the preference was not given out of the firm property, but out of the separate property of J. H. Fisher. The utmost right of such a joint creditor against the individual assets of John H. Fisher was to share in them equally with other joint creditors after individual debts had been paid. If, therefore, the debt preferred was an individual debt, it was not a preference of which a partnership creditor can complain; for the debt paid was entitled to a preference over every partnership debt, including, of course, the petitioner's claim. A preference under section 60a of the bankrupt act is only such when it will enable any one of his creditors "to obtain a greater percentage of his debt than any other of such creditors of the same class." This is the principle upon which the payment of labor claims is not a preference, provided, only, that the general assets are enough to pay all other labor claims as great a percentage. Loveland on Bankruptcy, § 195. It is not a preference to make a payment upon a running account of purchases and payments, where the effect was not to diminish the fund to which the creditors look for payment. Jaquith v. Alden, 189 U. S. 78, 23 Sup. Ct. 649, 47 L. Ed. 717; Yaple v. Dahl-Millikan Company, 193 U. S. 526, 24 Sup. Ct. 552, 48 L. Ed. 776. So the transfer of a homestead exemption is not a preference, since it is not subject to the demands of creditors. In re Tollett, 106 Fed. 866, 46 C. C. A. 11, 54 L. R. A. 222.

While the averments of the petition in respect to the character of the debt preferred are not as clear as they should be, we nevertheless regard the petition as resting the claim to an adjudication against J. H. Fisher upon the fact that he has transferred practically and substantially his entire separate estate, being insolvent at the time, in payment of a debt of the firm of J. H. Fisher & Co., intending to prefer that debt over other debts of the same class. It is no answer to say that partnership creditors are benefited, and not injured, by such an application of the individual property of one of the members. If the fact be, as averred, that there were no joint or firm assets applicable to joint debts, and that neither of the partners had any separate property, other than that transferred to one of the joint creditors, it would seem that the one joint creditor had been very substantially preferred over every other creditor of the same class. That the members of the firm were each liable in solido for the joint debts is not disputable. Undoubtedly the individual creditors of John H. Fisher would be preferred over the joint creditors out of his individual estate. But, if there were none, then the whole of that separate property would have been subject to the demands of the joint creditors. If there were such separate creditors, then the right of the joint creditors to the surplus, after paying the other class of debts, is not deniable. That this preference of the in-

dividual creditor exists, independently of the existence of partnership assets, under the bankrupt act of 1898, may be conceded upon the reasoning and authority of In re Wilcox (D. C.) 94 Fed. 84, In re Janes, 133 Fed. 912, 67 C. C. A. 216, and Euclid Nat. Bank v. Union Trust & Deposit Co., 149 Fed. 975, 79 C. C. A. 485. Nevertheless, the right of a partnership creditor to share in the separate estate of the members of the copartnership gives him such an interest in the separate property of its members as to entitle him to prove his claim against the separate estate and to make such a claim the basis for an adjudication of bankruptcy against a member of a firm who has given a preference out of his estate. This was well settled under former acts, and in this respect the present law has not changed the rule. In re Melick, Fed. Cas. No. 9,399; In re Jewett, Fed. Cas. No. 7,306; In re Redmond, Fed. Cas. No. 11,632; In re Loyd, Fed. Cas. No. 8,429; In re McLean, Fed. Cas. No. 8,879; Hartman v. Peters (D. C.) 146 Fed. 82.

Upon the facts stated in this petition it is obvious that when one member of a firm, which is insolvent and without assets, applies his whole separate estate in satisfaction of one joint liability, that creditor will receive a greater percentage of his debt than other creditors of the same class. This, at last, is the supreme test of a preference. The first and second grounds of demurrer were properly sustained. The other grounds of demurrer should have been overruled.

Reversed, with directions to proceed according to this opinion. Costs of appeal will be divided.