---

### In re GRAY et al.

#### (District Court, E. D. Pennsylvania. November 18, 1913.)

#### No. 3,882.

BANKRUPTCY (§ 354*)—PARTNERSHIP—INDIVIDUAL ASSETS—PARTNERSHIP CREDITORS—RIGHT TO SHARE.

 Partnership creditors are entitled to share ratably with individual creditors in the individual assets of the bankrupt, where the partnership and the individual partners are all insolvent and there are no partnership assets.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 555–564; Dec. Dig. § 354.*]

In Bankruptcy. In the matter of bankruptcy proceedings of William J. Gray and others individually and trading as William Gray & Sons. On referee's certificate to review an order denying a right of partnership creditors to share in the individual assets of one of the partners. Reversed.

J. Frank Staley and Lewis, Adler & Laws, all of Philadelphia, Pa., for Farmers' & Mechanics' Nat. Bank.

Homer G. White and Frank R. Savidge, both of Philadelphia, Pa., for Ridge Avenue Bank.

J. B. McPHERSON, Circuit Judge. The question here presented is this:

Where a partnership and the individual partners are all insolvent and all in bankruptcy, and where no partnership assets are available

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for distribution among partnership creditors, have such creditors the right to share pari passu with the separate creditors of one partner in the net proceeds of his separate property?

The point was not raised before the referee, and naturally he did not consider it, but followed the general rule, and did not permit the partnership creditors to share in the fund produced by the separate property of one of the partners, since the fund was insufficient to satisfy the separate creditors. But the question is now raised, and must be decided. In passing I may observe that some uncertainty seems to exist about the date when the certificate was asked for. The petition therefor was not filed with the referee until September 26, 1913, and, if his order was entered on September 11, this would be in violation of the rule of the District Court (rule of December 10, 1904), which requires such a petition to be filed within 10 days; but, if the order was entered on September 17, the petition would be in time. As already stated, the date is in some doubt, and as no objection has been made to the certificate on this ground I understand the delay to be waived, if it exists at all, and shall therefore pass over whatever irregularity of practice may have taken place.

The principal question is not open to discussion in this circuit; it has been settled by the case of Conrader v. Cohen, 121 Fed. 801, 58 C. C. A. 249, affirming the decision of Judge Buffington, who was then in the District Court (Re Conrader [D. C.] 118 Fed. 676). The syllabus of Conrader v. Cohen correctly states the point decided:

"Partnership creditors are entitled to share ratably with individual creditors in the individual assets of the bankrupt, where there is no partnership estate and no solvent partner."

It is true that the partnership there was not in bankruptcy, and that the only fund before the court for distribution was the fund produced by the separate estate of one partner; but, as I understand the reasoning of the opinion, it proceeds upon the ground (which was established by the evidence) that no solvent partner existed, and no partnership property, either in court or out of court. It does not proceed upon the ground that only one fund was in court, namely, the separate estate of one partner, but upon the ground that the court knew that no firm property was to be found anywhere, and no solvent partner.

The question has been long in dispute, and has been decided differently by other courts. Re Wilcox (D. C., Mass.) 94 Fed. 84; Re Henderson (D. C., W. Va.) 142 Fed. 588, affirmed (C. C. A., 4th Circuit) 149 Fed. 975, 79 C. C. A. 485; Re Janes (C. C. A., 2d Circuit) 133 Fed. 913, 67 C. C. A. 216, certiorari refused, sub nom. McNabb v. Bank, 198 U. S. 583, 25 Sup. Ct. 802, 49 L. Ed. 1173. But Conrader v. Cohen is, of course, the rule of decision for this circuit. The recent case of Re Knowlton & Co. (C. C. A., 3d Circuit) 202 Fed. 480, 120 C. C. A. 610, has no application; in that case there were two funds for distribution.

The order of the referee under review must be reversed, with instructions to make distribution in accordance with this opinion.