---

### In re HULL.

(District Court, N. D. Ohio, E. D.   April, 1915.)

1. BANKRUPTCY ☞354—CREDITOR OF INSOLVENT PARTNERSHIP—RIGHT TO SHARE IN INSOLVENT ESTATE OF PARTNER.

Under Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 547 (Comp. St. 1913, § 9589), providing that the proceeds of partnership property shall be appropriated to the partnership debts and the proceeds of the individual estate of each partner to his individual debts, and that any surplus of the property of a partner after paying his individual debts shall be applied to the partnership debts, and any surplus of the partnership property shall be applied to individual debts, a creditor of a firm was not entitled to share ratably with an insolvent partner's creditors in the settlement of such partner's individual estate, although there were no partnership assets available for partnership creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 555–564; Dec. Dig. ☞354.]

2. BANKRUPTCY ☞340—PREFERENCE—BURDEN OF PROOF.

The burden to show reasonable cause on the part of a creditor to believe that an estate is insolvent is upon those seeking to avoid a claim on the ground of preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. ☞340.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKRUPTCY ☞166—PREFERENCES—KNOWLEDGE OF INSOLVENCY OF PART-
NER.

Knowledge of a partnership creditor that the partnership is insolvent
does not charge the creditor with knowledge that an individual partner
is insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–253, 255–
258; Dec. Dig. ☞166.]

4. BANKRUPTCY ☞340—PREFERENCES—SUFFICIENCY OF EVIDENCE.

Evidence *held* insufficient to charge the creditor of a partnership, tak-
ing individual notes of the partners after dissolution for the firm debt,
with knowledge that one partner was insolvent and unable to pay both
his individual and partnership liabilities.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec.
Dig. ☞340.]

In Bankruptcy. In the matter of Robert B. Hull, bankrupt. On
petition of the Canton Buggy Company for review of decision of W.
F. Kean, referee, denying the petitioner participation in distribution
of the bankrupt's estate. Decision reversed.

Fisher & McCusky and Pomerene, Ambler & Pomerene, all of Can-
ton, Ohio, for petitioner.

John Huston and C. R. Cary, of Millersburgh, Ohio, for trustee.

KILLITS, District Judge. This matter is before the court on the
petition of the Canton Buggy Company, a creditor of the firm of Kyser-
Hull Company, for a review of the order of distribution declared by
the referee, denying petitioner participation in the distribution of the
estate of Robert B. Hull, bankrupt, a former member of the dissolved
partnership.

The facts are these: An order of buggies was sold by the petitioner
to one Kyser, doing business in his own name. Pending the delivery
of the order, Kyser effected a partnership with Hull under the firm
name of the Kyser-Hull Company, and the goods in the order were
delivered to the partnership. In a few months the partnership was
dissolved, Kyser retaining all the assets. Subsequently Kyser went
into bankruptcy, and neither his personal estate nor the partnership
assets by him retained permitted a dividend to be paid to either his
personal or partnership creditors. Hull also went into bankruptcy.

[1] The first question before the court is whether the petitioner, the
Canton Buggy Company, as a creditor of the late partnership, is en-
titled to share ratably with Hull's creditors in the settlement of his
estate. The question is whether, because of the fact that there were
no partnership assets available for distribution to partnership creditors,
the rule of distribution in paragraph "f" of section 5 of the Bankruptcy
Act is subject to the exception recognized in some states, Ohio for one,
as applicable in such cases. Grosvenor & Co. v. Austin's Adm'rs, 6
Ohio, 104, 25 Am. Dec. 743; Rodgers v. Meranda, 7 Ohio St. 180;
Brock v. Bateman, 25 Ohio St. 609.

Under section 36 of the old Bankruptcy Act (section 5121, R. S.
1878) the current of opinion was somewhat strongly to the point that
where there is no partnership estate, and no solvent partner, partner-
ship creditors are entitled to share ratably with individual creditors

in the individual assets of the bankrupt partner. In re Downing, Fed. Cas. No. 4,044; In re Jewett, Fed. Cas. No. 7,304; In re Knight, Fed. Cas. No. 7,880; In re McEwen, Fed. Cas. No. 8,783; In re Pease, Fed. Cas. No. 10,881; In re Slocum, Fed. Cas. No. 12,950; In re Litchfield (D. C.) 5 Fed. 47; In re Blumer (D. C.) 12 Fed. 489; In re Lloyd (D. C.) 22 Fed. 88; In re West (D. C.) 39 Fed. 203. But upon the present law the greater authority is to the point that no such exception should be recognized, but that the distribution should follow strictly the language of the act.

In favor of the exception are: In re Green (D. C., Iowa) 8 Am. Bankr. Rep. 553, 116 Fed. 118; In re Conrader (D. C., Pa.) 9 Am. Bankr. Rep. 85, 118 Fed. 676, affirmed as Conrader v. Cohen (C. C. A., 3d Cir.) 9 Am. Bankr. Rep. 619, 121 Fed. 801, 58 C. C. A. 249. To the contrary, however, are: In re Wilcox (D. C., Mass.) 2 Am. Bankr. Rep. 117, 94 Fed. 84; In re Janes (D. C.) 128 Fed. 527; Id. (C. C. A., 2d Cir.) 13 Am. Bankr. Rep. 341, 133 Fed. 913, 67 C. C. A. 216; In re Henderson (D. C., W. Va.) 16 Am. Bankr. Rep. 91, 142 Fed. 588, affirmed (C. C. A., 4th Cir.) 17 Am. Bankr. Rep. 834, 149 Fed. 975, 79 C. C. A. 485.

In the Wilcox Case, Judge Lowell, in an elaborate review of the development and practice of the exception in equity procedure, points out the difficulties in the application, while, in the Henderson Case, Judge Dayton discusses the frequent inequity resultant from its employment, and the absurdities involved in giving it any force whatever, as in Marwick's Case, Fed. Cas. No. 9,181, where, the partnership estate not otherwise yielding anything for distribution, a creditor of one of the partners purchased a perfectly worthless partnership asset for $40, that he might put a fund into the hands of the assignee of the partnership and thereby prevent its creditors from sharing pari passu with individual creditors in individual assets. It is well observed by Judge Dayton that the present law received such careful consideration in its passage by a committee entirely familiar with the act of 1867 that it is impossible not to assume that its draft, which passed without amendment, was so worded as to exclude the possibility of any other distribution than that pointed out by the section.

Reviewing the Janes Case, Judge Lacombe uses this language (13 Am. Bankr. Rep. 342, 133 Fed. 913, 67 C. C. A. 217):

"It was within the discretion of Congress to leave this subject of the marshaling of assets to the courts, to be disposed of in accordance with equity principles and practice, or to provide that the general rule should be modified in particular cases. It has done neither. On the contrary, it has itself directed how the assets shall be marshaled, and it has done so in language broadly covering this case as well as all the others. The language is plain, explicit, and unambiguous; it names no 'exception'; its phraseology conveys no intimation that any 'exception' is contemplated. To inject into the act an excepting clause, where none has been enacted, would seem to be judicial legislation."

An able opinion by a referee of the Southern district of this state, denying the application of the exception, and reported in 12 Am. Bankr. Rep. 283, calls attention to the "material change effected by the present law" from the act of 1867, "in the manner in which a partnership is now regarded as a separate entity instead of a joint enterprise," cit-

ing, to show "that other courts have recognized material changes made by the present Bankruptcy Law," Vaccaro v. Security Bank (C. C. A., 6th Cir.) 4 Am. Bankr. Rep. 474, 103 Fed. 436, 43 C. C. A. 279; In re Meyer (C. C. A., 2d Cir.) 3 Am. Bankr. Rep. 559, 98 Fed. 976, 39 C. C. A. 368; In re Stein & Co. (C. C. A., 7th Cir.) 11 Am. Bankr. Rep. 536, 127 Fed. 547, 62 C. C. A. 272—all to the point that, as distinguished from the law of 1867, the present act "deals with the copartnership as a person for the purpose of subjecting the partnership property to the satisfaction of the copartnership liabilities."

This significant change in phraseology from that of the former acts may be sufficient to deprive the cases decided under the act of 1867 of persuasiveness. Indeed, it is difficult to see wherein the language of paragraph "f" of section 5 permits the grafting of an exception. The first sentence so definitely provides how various classes of debts shall be paid as to seem to leave no room for any variation. It reads:

"The net proceeds of the partnership property shall be appropriated for the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts."

This language, read literally, excludes opportunity for the partnership debts to participate in the fund derived from the individual estate of a partner, except as provided in the subsequent sentence of the paragraph; that is, only when the individual estate yields a surplus above the individual liabilities. In the absence of an authoritative holding in this circuit, it seems to us that the better course is to follow the Second and Fourth circuits, already cited, and to hold that the statute is so definite as to provide a uniform rule of distribution, against which there can be no exception introduced by judicial construction. The conclusion of the referee is in this particular therefore approved.

[2-4] After the dissolution of the partnership the petitioner, the Canton Buggy Company, took notes for the claim signed by Kyser and Hull individually. The referee held against the claim based on these notes for participation in the distribution of the assets of Hull's individual estate, on the theory that a preference was effected by that transaction, under circumstances which involved the petitioner in a reasonable cause to believe that insolvency existed, that the taking of the notes constituted a novation, and to give them participation in the distribution of Hull's estate on a parity with individual claims against Hull is to create a preference in the Canton Buggy Company over other partnership creditors. The evidence clearly charges the Canton Buggy Company with a reasonable cause to believe, at the time it took the individual note, that the partnership estate, retained by Kyser, was insufficient to liquidate the partnership debts. The referee seemed to think that this knowledge, with which petitioner was undoubtedly chargeable, was sufficient to avoid a special claim against the individual estate.

It seems very clear, however, that the inquiry goes further. The preference obtained by petitioner discriminates against other partnership creditors in their recourse on the possible surplus of Hull's estate after his individual debts are satisfied, wherefore the inquiry is rather

as to a reasonable cause to believe Hull to be insolvent at the time the notes were made. Both from Hull's petition, filed less than three weeks after the date of the notes, and from the referee's finding of the conditions of this estate after its reduction to money by his trustee, we note that, had not Hull been burdened with responsibility for the firm's debts, he was unquestionably solvent. To hold against petitioner, therefore, is to determine, from the facts of the case, a reasonable cause to it to believe, not only that the partnership was insolvent, but that dividends on its debts would be so small that the resultant claims against Hull's estate would be to exhaust the surplus thereof after his individual creditors were paid, and still leave the partnership debts unsatisfied in part. This means that we must find that petitioner had reasonable cause to know the extent of the partnership liabilities, without which information, to be charged to it, it could not be held to bear the duty of inquiry into the condition of Hull's estate. Bearing in mind that the burden to show reasonable cause to believe that an estate is insolvent is upon those seeking to avoid a claim on the ground of preference, and allowing full effect for the doctrine imposing a duty of inquiry, still there is nothing in the record here which tends to charge the Canton Buggy Company with knowledge of the conditions of the partnership estate other than that it was insolvent. That knowledge, even if admitted by petitioner, would not be enough to charge it with knowledge, or even a reason to believe, that Hull was insolvent. There is nothing to indicate that petitioner knew, or should have known, the extent of the partnership indebtedness, which knowledge was indispensable to a well-founded suspicion of Hull's financial condition.

We are compelled, therefore, to disagree with the referee, and hold that petitioner's claim should share in the distribution of Hull's estate as a personal liability.